M’Girk, C. J.,
delivered the opinion of the Court.
The first of' these cases was an action of assumpsit, brought on a promissory note against the maker. The second was also an action of assumpsit, brought against the administrator of the maker of a promissory note.
The pleas, in both cases, are non-assnmpsit. On the trial, the plaintiffs refused to produce the notes in evidence, and the Court gave judgment for them; to reverse which, for that reason, the causes are bi ought here. It is contended by the defendants in error, that they were-not bound to produce the notes in evidence, because the Legislature have said, (see Geyer’s Digest, 250,) wherever any suit shall he commenced in any Court, founded on any writing, whether the same he under seal or not, the Court, before whom the same-is depending, shall receive such writing in evidence of the debt or duty for which it was given; and it shall not be lawful for the defendant, in any such suit, to deny the execution of such writing, unless it be by plea, supported by the affidavit of tile party putting in such plea.
The inquiry is, what is the effect of this statute ? It is said, hy counsel for the defendants in this Court, that this statute was made with a view to make a writing, signed by a party, equal to a specialty; and that, if the defendant fails to deny the writing by plea, supported by oath, that tie thereby dispenses .with the necessity of reading the note in evidence, but admits the damages claimed to the amount stated in the declai ation.
The construction we are disposed to give to this act of the Legislature, is this:, that the plaintiff must produce his note, where the plea is non-assn.npsit; and that,, •when he does so, the party having failed to deny the same, by a plea supported by oath, be is entitled to use the note as evidence in his cause, and he must produce the-note under this plea. It is to be remarked here, that the statute first says the Court shall receive the writing in evidence, and then it goes on to forbid the defendant from denying the writing, unless he does it by plea, accompanied with an oath- Why does the statute say the writing shall be received in evidence of the debt or duty, unless there be something to he proved by the writing ? If the defendants in error are right, the statute should have read, unless the defendant denies the writing, by *346 plea, &c., then the declaration shall be sufficient, evidence of the debt or duty therein mentioned. We cannot suppose the Legislature intended to go thus far, or they would have used other words than those employed.
The whole object of the Legislature is answered, when the writing is received in evidence : it then goes for as much as it is worth; it may, or may not, prove the facts contained in the declaration. It may be the note or writing entirely fails in supporting the material allegations in the declaration; it may fail in proving a promise, which will be binding in law ; it may fail in sums, times and dates. It is said, however, that if the note does vary from the declaration, that, as the law now stands, the party may crave oyer in the first instance, and demur, or may plead non cst factum, or deny the writing by a plea and oath.
It is deemed a sufficient answer to say, the statute ought not to receive such construction as would multiply oaths; and though the defendant may now crave oyer of a promissory nole, that does not alter the law with respect to what shall be evidence in a particular case. It is argued, that a failure to deny the execution of the writing, by a plea, admits the note to exist, as set out in the declaration. The statute is otherwise; its direction is, that, in that event, the declaration is still to be proved; for it says, the writing shall be received in evidence of the debt or duty, and it seems, by the latter expression, the statute contemplates that the debt or duty must be proved by the contents of the note, and not by the defendant’s failure to deny the execution of the writing. It is asked, if the failure to deny the execution of the writing does not admit that there is a debt due, exactly as stated in the declaration, what, then, does it admit? To this it is answered, that the failure admits just as much as the plaintiff would gain, if this statute had not existed, and the plaintiff' should prove the hand writing of the maker. When this is done at common law, it cannot be contended that the plaintiff has made out his case, but he has advanced an important step ; that is, he is in a situation to read his evidence to the jury, but he must do so, otherwise he will fail in his action. So this statute does nothing more; it ties up Ihe hands of the defendant, unless, indeed, he can swear he never made the writing; and if he cannot, or will not do this, the law holds the note as sufficiently proved to entitle the plaintiff to read liis paper, and this is all the statute requires.
Several cases have been cited at the bar in support of the defendants in error, not one of which comes up to this case. The cases were all decided at Franklin except one. The first is, that of Carrson and Carroll v. Clark, et al.; debt on bond. The defendant plead he was only security, and that lie had given notice to plaintiff to sue, &c.; and on this, issue was joined on the trial. The Circuit Court directed the jury to find for defendant, unless the plaintiff would produce the writing declared on. This decision was reversed, and rightly, because the writing had nothing to do with the question of notice. The next case is that of Carson and Carroll. The only question decided by this case, was, that in an action of assumpsit on a promissory note, and non-assumpsit thereto did not, nor should be holden to deny the execution of the writing, but that if the party means to deny the same, he must do it specially. The next, and last case I shall mention, is a case decided lately at Franklin, from the Boone Circuit Court. The case was debt on bond, and default; the Court refused to give judgment, unless the bond was produced, which was reversed, because the law is express in that case, that the bond is not nor need not be in Court. Upon the whole, the law is for the plaintiffs in error.
*347 As to the question raised in Reed’s case, that the law is, the party charged with making the note must himself make the oath, and not the administrator, we will not decide till the question fairly arises.
The judgment of the Circuit Court is reversed, and, remanded for further proceedings.
Tompkins, J.
These are actions of assumpsit on promissory notes, and non-assumpsit pleaded. The statute forbids the defendants to deny the execution of the notes, except by plea, supported by affidavit; and, by our statute, every promissory note is presumed to be given on good consideration. By the plea of non-assumpsit, then, the defendant undertakes to prove something himself, such as payment, &c.; for, by not denying the execution of the note, he has, according to all the rules of pleading, admitted that he did execute the note; and it is in vain to say, by that plea, he admits no more than that he did execute some note, but not the particular note in the declaration mentioned; for the plea is an answer to the declaration, and it admits the defendant did execute the very note in the declaration set out.
An authority has been produced from Chitty on Bills, p. 384, which proves that on judgment by default, the note must be produced to calculate damages by. This is not in point. By letting judgment go by default, the defendant does not throw the plaintiff off his guard, as he does by undertaking to prove matter in avoidance of the debt, or sum of money which, by this plea, he admits he owes to the plaintiff. I, for the reasons above given, think the plaintillb were not bound to produce the notes.