FAGAN, Respondent, v. LONG, Appellant.

1. An incoming partner is not liable for debts contracted before he enters the partnership; nor can his co-partner render him liable for such previously contracted debts by giving a note therefor in the partnership name. The incoming partner may, by his agreement, become liable for such debts, and the new firm may, with the consent of the creditors, novate such debts.
2. A party to a suit is entitled to examine as a witness any of the adverse parties thereto. (R. C. 1855, p. 1577, § 3.)
3. Where one of two defendants does not join in an appeal from a justice of the peace, the appellate court may, on proper motion, order a severance.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit originally instituted before a justice of the peace against Francis Shields and Patrick Long on the following promissory note: " $105.    August 25, 1857.    Due to Thomas Fagan, or order, one hundred and five dollars, for value received, on section seventeen of south-west branch of the Pacific Railroad, negotiable and payable without defalcation or discount.    [Signed] F. Shields & Co."

The plaintiff obtained judgment before the justice, and the defendant Long appealed.    On the trial in the law commissioner's court a severance was had as to the defendants on the ground that the defendant Shields did not join in the appeal from the judgment of the justice, and Shields was introduced as a witness in behalf of the plaintiff against the objection of defendant Long.    It appeared in evidence that about the date of the above note Long became a partner of Shields in the grading of section seventeen on the south-west branch of the Pacific Railroad.    Long purchased the interest of one Michael Dempsey, who was previous to that time a partner of Shields.    The note was given for an indebtedness incurred by Shields and Dempsey.    There was evidence introduced with a view to show that Shields and Long were to pay the debts incurred in the grading of said section seventeen by Shields and Dempsey.

The cause was tried by the court without a jury.    The court, at the instance of the plaintiff, gave the following in-

structions or declarations of law: "1. If the jury find that the defendant Shields and Michael Dempsey were partners in business, and as such became indebted to the plaintiff for the amount for which the note sued upon was given, and that before said note was given the defendant Long purchased the interest of said Dempsey in the firm, and was a partner of the defendant Shields at the time the note was executed, and that said note was signed as the note of the firm of Shields and Long, then the defendant Shields, in the making of the note, is to be considered the agent of the new firm and his act is binding upon the partners therein, and the plaintiff is entitled to recover. 2. If the jury find that the defendant Long, after the purchase by him of the interest in said firm, paid off the liabilities of the former copartnership, that he received the benefit of its contracts, or in other respects directly or impliedly [assumed] its obligations, then these are facts from which the jury may infer an understanding between the parties that Long was to be held liable for the debts of Shields and Dempsey. 3. If the jury find that Long purchased the interest of Dempsey in the firm of Shields and Dempsey, then, without proof of any other or further agreement, he became entitled to its credits and became liable for its obligations. 4. If the testimony shows that Long became the partner of Shields by his purchase of Dempsey's share, and that there was a possibility of profit accruing to Long therefrom, then he is liable with Shields for the amount of the note sued for, providing he got the benefit accruing from the consideration thereof."

The court gave the following instructions at the instance of defendant: " 1. If the evidence shows that the note sued on was given for a debt contracted and due by Shields, prior to the formation of the partnership, without the concurrence or authority of defendant Long, said note does not bind said Long, unless he subsequently approved, acknowledged, admitted or promised to pay the same. 2. If it appears from the evidence that the consideration of the note was for money, goods, &c., had and obtained of plaintiff by Francis Shields

prior to the existence of a partnership between Shields and defendant Long, and that said note was executed by said Shields, and without the authority or consent of Long, the plaintiff can not recover. 3. No person is liable as a partner for money borrowed, goods had and received, &c., by his copartner prior to the existence of the partnership, although said goods, money, &c., may have been applied to such purposes as enured to the benefit of said partner, unless said partner so sought to be charged promised to pay the same ; such promise may be either expressed or implied. 4. If a promissory note or due bill, executed by a partner in the name of the firm, be for his individual debt, which is known to the payee, it is a fraud upon the other partner and does not bind him."

The court found for the plaintiff, and gave judgment against the defendant Long and the sureties in the appeal bond.

*Farish*, for appellant.

I. The court erred in admitting Shields as a witness. The instructions given for the plaintiff were erroneous and contradictory, and inconsistent with those given for the defendant. The note does not bind Long. (1 East, 48; 6 Munf. 418; 25 Mo. 23; 27 Mo. 403; 8 Mo. 511; 10 Mo. 636; 4 T. R. 720; 10 Wend. 461; 2 Camp. 307; Story on Part. § 153.)

*C. C. Simmons*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This judgment must be reversed for the contradictory instructions given by the court.

An incoming partner is not liable for debts contracted before he enters the partnership. For such debts no member of the firm can, by using the partnership style, bind the incoming partner. But an incoming partner may, by his agreement, become liable for such debts ; and with the understanding and consent of all parties a note may be given in the partnership name for such debt. The new firm, with the

consent of the creditor, may novate the debt. (Story on Part. § 152–3.) The instructions given for the plaintiff were erroneous.

The law now allows a party to a suit to examine any adverse party. Shields was an adverse party to the plaintiff, though we can see that he was a willing witness for him. A codefendant, who is primarily liable for the debt claimed, is a competent witness for the plaintiff. (Bank of Charleston v. Emerie, 2 Sand. 718.)

As the defendant Shields did not join the appeal, there was a right to sever him. (Perry v. Block et al., 1 Mo. 342.)

Judge Ewing concurring, the judgment is reversed and the cause remanded. Judge Napton absent.

*Farish*, for appellant.

*C. C. Simmons*, for respondent.