Deere et al. v. Plant et al.

———————◆———————

John Deere *et al.*, Respondents, *v.* Wm. M. Plant *el al.*, Appellants.

1. *Partnership — Contract.* — A contract made with a party is not binding upon a partnership into which he subsequently enters, unless the firm assent thereto.

2. *Practice—Trials—Evidence—Instructions—Error.*—If there be any competent evidence presented to support an issue, it is error in the court to instruct the jury that the party is not entitled to recover.

*Appeal from St. Louis Circuit Court.*

On motion of the plaintiffs, the court gave the following among other instructions to the jury, to which the defendants, at the time, excepted :

" The court instructs the jury that, upon the evidence in this cause, the defendants are not entitled to recover anything upon the counter-claim secondly set forth in the answer."

" If the jury find from the evidence that Charles H. Deere was engaged in the manufacture of plows, alone, in 1863, at the time defendants' alleged contract was made with Vinton, and that Vinton was the agent at that time of Charles H. Deere, individually, and that at that time John Deere was not a partner with Charles H. Deere, you cannot allow defendants anything on their first counter-claim."

And refused to give the following instructions, among others, asked by the defendants ; to which ruling of the court, refusing to instruct, the defendants excepted :

" If the jury believe from the evidence that Charles H. Deere, being engaged in the manufacture of J. Deere's Moline plow, by himself or his agent, entered into an arrangement with defendants, in 1863, whereby he agreed that he •would furnish

defendants with as many of said plows, from time to time, as defendants might require and order for their trade, upon the consideration that defendants would take hold of said plow and advertise it, and use their influence to introduce it to more general use, and that defendants agreed to do so, and did perform their part of said agreement; and if the jury further believe from the evidence, that, after the making of this agreement, the other plaintiff, John Deere, became interested as a partner with C. H. Deere in the manufacture and sale of said plows; and, with knowledge of the agreement with defendants, did, from time to time, continue to furnish plows to defendants, in pursuance of and upon said agreement; and that defendants, in carrying out said agreement, did continue to expend money, time, and labor in the introduction and sale of said plows, with the knowledge and assent of both said plaintiffs; and if the plaintiffs did, in the fall of 1865, without any reasonable notice to defendants, refuse to fill defendants' order for 661 plows, after defendants had expended money and labor in providing for the sale of them—then defendants are entitled to recover of plaintiffs the damages sustained by them by reason of such refusal to furnish said plows.''

*Currier & Strong*, for appellants.

I. The court erred in giving the instruction withdrawing from the consideration of the jury the second ground of counter claim.

II. The court erred in refusing to give the defendants' instruction submitting it to the jury to determine whether or not John Deere had assumed the contract of January 1, 1863.

III. The court virtually decided that no state of facts could make John Deere liable unless he was a partner at the time the contract was made.

All such instructions have been repeatedly condemned as erroneous by this court. (Clark v. Hammerle, 27 Mo. 70; Ridens v. Ridens, 29 Mo. 470; Chouquette v. Barada, 28 Mo. 491; Chambers v. McGiveron, 33 Mo. 202; Turner v. Loler, 34 Mo. 461; Moffat v. Conklin, 35 Mo. 453; Sawyer v. Han. & St. Jo. R.R. Co., 37 Mo. 240; McKown v. Craig, 39 Mo. 156.)

5—VOL. XLII.

*Krum, Decker & Krum*, for respondents.

FAGG, Judge, delivered the opinion of the court.

The respondents sued the appellants in the St. Louis Circuit Court, upon an account stated, for a number of plows sold and delivered to them, and alleged to be worth the sum of nine hundred and seventy-three dollars and fifty cents. The answer admitted the sale and delivery of the plows, but denied that they were worth the amount claimed, and alleged a special contract with the respondents which would entitle them to a deduction from that amount of thirty per cent. It then proceeds to set up separately two distinct counter claims. The first was for damages for the breach of a contract alleged to have been entered into between the parties to the suit in the month of January, 1863, by which the respondents undertook and agreed, upon the terms and conditions therein stated, to furnish all the plows of their manufacture which the appellants might want in their business, and as they might from time to time order, so long as they should comply with the conditions stated and desire to continue such business with the respondents.

The second counter claim was for damages for an alleged breach of a special contract for the delivery of 661 plows bought in the month of November, 1865. To this there was a reply denying the new matter set up by way of counter claim.

The court refused to give a portion of the instructions asked by the defendants; and the points submitted for our consideration arise upon the ruling of the court both as to the declarations of law given for the plaintiffs, and those refused on the part of the defendants. Upon the giving of the instructions, the defendants, by leave of the court, withdrew their counter claims entirely, thus leaving the jury to find simply the value of the plows stated in the account. It was shown by the evidence that in the month of January, 1863, at the time of making the alleged contract, Charles H. Deere was carrying on the business by himself. The court told the jury that if the other plaintiff, John Deere, was not then a member of the firm, the contract was not binding upon

him. This was not objectionable. It accorded with the plaintiffs' theory of the case. The defendants' theory was that the testimony tended to show that John Deere, after becoming a member of the firm in 1864, had assented to this contract by acting upon it, and was therefore bound by its terms. We think this question ought to have been left to the jury upon a proper direction by the court. It is true the defendants asked an instruction based upon that theory, but it was not simple enough in its form to present accurately to the minds of the jurors the precise question to be determined, and no error was committed in refusing it.

As to the second ground of counter claim, we think it is manifest, upon an examination of the testimony, that the court erred in saying there was none at all tending to prove it. It ought to have been left to the jury to say whether there was a contract for the sale and delivery of the 661 plows, and, if so, what damage the defendants had sustained by the alleged breach of it.

We find nothing improper in the other instructions given for the plaintiffs; but, for the errors herein stated, the judgment of the Circuit Court must be reversed, and the cause remanded for further trial, in accordance with this opinion. The other judges concur.