Kelm v. Rathbun.

FRANK KELM, Respondent, v. GEORGE R. RATHBUN, Appellant.

**St. Louis Court of Appeals, April 29, 1889.**

1. **Justices' Courts: MISSING STATEMENT.** In a case which originated before a justice of the peace, where the record contains neither the statement filed with the justice, nor the amended statement filed in the circuit court, but in which it appears that the circuit court sustained both statements against objections offered, all presumptions must be in favor of the circuit court's rulings to that effect, and there is nothing before this court for review.

2. **Partnership: EVIDENCE.** Evidence that a defendant charged as a partner paid bills against the firm in question, and permitted the plaintiff to credit amounts due to him on the plaintiff's bills against the firm, and that the plaintiff gave credit to the firm because he believed that the defendant was a member thereof, is only slight evidence that the defendant held himself out as a partner; but when submitted to the jury under an instruction, carefully drawn and correctly stating the law, it cannot be said that there was no substantial evidence of the alleged partnership relation, so as to warrant the vacating of a verdict on that ground alone.

*Appeal from the Jefferson Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*J. F. Green* and *Thomas & Horine,* for the appellant.

The statement filed before the justice contains no statement of fact whatever. It wholly fails to state a cause of action, and the court erred in admitting any evidence under it, and in permitting plaintiff to file an amended statement in the circuit court. The amended statement is also insufficient. *Swartz v. Nicholson,* 65 Mo. 508; R. S. 1879, sec. 2852 ; *Hill v. Ore & Steel Co.,*

90 Mo. 103; *Weese v. Brown*, 28 Mo. App. 521; *Butts v. Phelps*, 79 Mo. 302; *Watkins v. Donnelly*, 88 Mo. 322; *Revis v. Laurme & Bro.*, 2 Mo. 207. There being no statement of a cause of action filed in the justice's court, there was nothing which could be amended.. *Gist v. Loring*, 60 Mo. 487; *Brashears v. Strock*, 46 Mo. 221; *Webb v. Tweedie*, 30 Mo. 488; *McQuoid v. Lamb*, 19 Mo. App. 153. The statement sued on before the justice was for $109.75; and judgment was rendered for that amount. The statement filed in the circuit court demands a different amount. "The same cause of action and no other" must be tried on appeal. *Wheringer v. Ahlmyer*, 23 Mo. App. 277-280; *Webb v. Tweedie*, 30 Mo. 491; R. S. 1879, sec. 3058.

*Frank R. Dearing*, for the respondent.

The instructions given by the court submitted the case to the jury upon the theory of a sale of property to the firm of Rathbun & Gilbert, and left it wholly to the jury to say whether the defendant George R. Rathbun was, in fact, a member of said firm, and instructed them that if they found he was not in fact a member of said firm their verdict must be for the defendant, unless they further found from the evidence in the cause that said George R. Rathbun by his acts, conduct, or declarations held himself out as one of the firm of Rathbun & Gilbert, and by such act, conduct, or declarations induced plaintiff to believe, and plaintiff did believe said George R. Rathbun was a member of said firm at the time he sold said meat to said firm, because of which said belief he gave credit to said firm, in which case said George R. Rathbun is liable for the same though he may not in fact have been a partner of said firm. But if you find said George R. Rathbun was not in fact a member of said firm, before you can make him liable for meat sold by plaintiff to said firm, you must first find from the evidence that said plaintiff did

not know that he was not a member thereof, but on the contrary believed that he was, and credited him for such meat, and that this belief was induced by said George R. Rathbun by his acts, conduct, or declarations and unless you so find, your verdict must be for defendant George R. Rathbun. Schuler on Cont., pp. *76, 77 and 266 ; Addison on Cont., p. 699, *670 ; *Tuttle v. Hoag*, 46 Mo. 38.

ROMBAUER, P. J., delivered the opinion of the court.

In an action before a justice, the plaintiff recovered a judgment against A. B. Gilbert, Mary R. Rathbun and George R. Rathbun for $109.75. From this judgment the defendant George R. Rathbun appealed for himself alone. Upon trial anew in the circuit court judgment was rendered against Rathbun for one hundred dollars, from which he prosecutes the present appeal.

All the defendants appeared before the justice of the peace and his transcript contains the following recital : " Plaintiff filed for suit his account for $109.75. The defendant Mary A. Rathbun and A. B. Gilbert confess judgment for the amount of bill. Defendant George R. Rathbun denied that he is or was a member of the said firm and is therefore not responsible or liable for his wife's debts, and moves the justice to dismiss the cause as to said George Rathbun ; motion overruled and judgment awarded plaintiff for the bill sued, as sued. "

On the trial in the circuit court, the defendant objected to the introduction of any evidence, because the statement filed before the justice did not state any cause of action, and because the amended statement filed in this cause in the circuit court does not state any cause of action against this defendant. These objections were by the court overruled and this ruling of the court is the main error complained of

Neither the statement filed before the justice nor the amended statement filed in the circuit court is contained in the transcript of the record, although it appears by the recitals in the record as well as by the briefs of both parties filed in this court, that a statement was filed before the justice and an amended statement in the circuit court. The parties in their briefs disagree only as to the contents of such statements.

It is evident that under these circumstances there is nothing before us for review on that point. The statements were before the circuit court and it adjudged them sufficient. That judgment is presumptively correct, until the contrary is shown.

It appears by the evidence that the only contention on the trial was, whether the defendant by his acts, conduct, and declarations had estopped himself to deny that he was a member of a restaurant firm composed of his wife and one Gilbert. There was no contention as to the items of the bill, which was a meat bill furnished by the plaintiff, a butcher, to the restaurant on running account. There was no evidence that the defendant was a member of the firm, or had so stated to plaintiff at any time in express terms. The acts, conduct and declarations of the defendant, consisted of contradicted evidence that he had a United States cigar and tobacco license in his own name displayed in the restaurant, and of the admitted fact that he paid bills against the restaurant, and permitted the plaintiff to credit amounts due the defendant, for groceries and cattle sold by the defendant to plaintiff on plaintiff's bills against the restaurant. There was evidence that plaintiff gave credit to the firm, because he believed that the defendant was a member thereof.

The case was put to the jury on the theory of the defendant holding himself out as a partner, by an

instruction drawn by the court itself, and stating the law on the subject, in careful and guarded terms. While the evidence of such holding out is slight, we are not prepared to say that there was no substantial evidence of it, so as to warrant us to vacate the verdict on that ground alone. All the judges concurring, the judgment is affirmed.