THE BANK OF SCOTT CITY, Appellant, v. OLIVER A. SANDUSKY, Respondent.

Kansas City Court of Appeals, December 5, 1892.

1. Partnership: ASSUMPTION OF DEBTS OF OLD FIRM. A person becoming a member of an existing firm, or forming a partnership with another in the latter's existing business, does not thereby become liable for debts already incurred, nor does the new firm become liable for them without agreement expressed or implied, and the burden to prove such assumption is upon him who asserts it.

2. ———: FIRM'S NOTE: PRESUMPTION. A note executed by one member of a firm in the firm's name will be presumed to have been given for and on account of the firm's business, but when it appears that it was given in settlement of a liability of another and different partnership with which defendant had no connection, to hold him on such note, it must be proved that in entering the firm he had agreed to stand good for the debts of the former concern.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Reed, James & Randolph,* for appellant.

(1) As member of a trading partnership, more especially being resident and managing partner, James I. Button had "authority implied by law to bind" the respondent, "by commercial paper executed in the firm-name." *Deardorf v. Thatcher,* 78 Mo. 131; *Deitz v. Regnier,* 27 Kan. 105; Parsons on Partnership [2 Ed.] 211; *Haldeman & Grubb v. Bank,* 28 Pa. St. 440; *Ihmsen v. Negley,* 25 Pa. St. 297; *Feurt v. Brown,* 23 Mo. App. 332, 336. (2) The burden of proof was on respondent to show note was not given for the business of J. I. Button & Co. *Whittaker v. Brown,* 16 Wend.

505; *Hamilton v. Summers*, 12 B. Mon. 11; *Adams v. Ruggles*, 17 Kan. 238; *Holmes v. Porter*, 39 Me. 157, 160; *Ensminger v. Marvin*, 5 Black. 210, 211; *Whittaker v. Brown*, 16 Wend. 505; *Davis v. Cook*, 14 Nev. 277; *Carrier v. Cameron*, 31 Mich. 373, 377; *Deitz v. Regnier*, 27 Kan. 94, 104, *et seq.*; *Lindon v. Crowley*, 29 Kan. 544; *Livingston v. Roosevelt*, 4 John. 251; *Ethridge v. Binney*, 9 Pick. 272. (3) What "is sufficient to make out a *prima facie* case for plaintiff should prevent his being forced to take a nonsuit." *Fitzgerald v. Barker*, 85 Mo. 13; 1 Greenleaf on Evidence, secs. 38, 38a, 40, 48; *Bank v. Aull's Adm'r*, 80 Mo. 199; Best on Evidence [6 Eng. Ed.] sec. 304; *Fitzgerald v. Barker*, *supra*, 21, 22; *Bank v. Altheimer*, 91 Mo. 190.

*Kelley & Kelley*, for respondent.

(1) If the note be given for a pre-existing debt of one partner, the partnership is not liable, unless the creditor shows that it was expressly or impliedly sanctioned by the firm. So, if the creditor takes from an individual partner a note for an indebtedness created in relation to a matter totally foreign to the partnership business, the partnership is not bound. The reason is, that the very nature of the transaction is such as to show *prima facie* a fraud in the creditor, and if he expects to hold the partnership he must show facts or circumstances to remove the imputation which the very character of the transaction throws upon him. *Hickman v. Kunkle*, 27 Mo. 402; *Tilford v. Ramsey*, 37 Mo. 563. (2) The plea of *non est factum* cast the burden of proof upon the plaintiffs not only to prove the execution of the note by a member of the firm, for that was admitted in the plea; but to show that it was for the benefit of the firm or was sanctioned and rati-

fied by the defendant. 1 Revised Statutes, 1889, sec. 2186; *Foster v. Nowlin*, 4 Mo. 18; *Feurt v. Brown*, 23 Mo. App. 332; *Hickman v. Kunkle, supra; Hawley's Adm'r*, 1 Mo. 488. Instead of doing this they proved the very facts that defendant alleged in his plea. (3) In *Fagan v. Long*, 30 Mo. 222, it is held that "an incoming partner is not liable for debts contracted before he enters the partnership, nor can his copartner render him liable for such previously contracted debts by giving a note therefor in the partnership name. The incoming partner may, by his agreement, become liable for such debts; and, with the understanding and consent of all parties, a note may be given in the partnership name. The new firm, with the consent of the creditor, may novate the debt. Story on Partnership, sec. 1523."

GILL, J.—Prior to June, 1890, one George S. Sandusky and James I. Button, under the firm-name of Sandusky & Button, were engaged in the mercantile business at Hamlin, Kansas. During such copartnership Sandusky & Button, for money borrowed, made their promissory note in the sum of $1,500 to plaintiff. During the said month of June, 1890, said George Sandusky withdrew from the firm, and thereupon Button and defendant, O. A. Sandusky, formed a new copartnership for the prosecution of a mercantile business at the same place under the firm-name of J. I. Button & Co.

On July 26, 1890, the $1,500 note, made by the old firm of Sandusky & Button, became due, and Button made a new note for the same amount, due January 26, 1891, and signed thereto the name of the new firm of J. I. Button & Co. And when the last note matured in January, 1891, Button, in the firm-name of J. I. Button & Co., made a further note for

the same amount and took up the note of July 26, 1890. In October, 1890, the defendant, O. A. Sandusky, severed his business connection with Button, so that when the last note was made there was no such partnership in existence as that of J. I. Button & Co., and of this the plaintiffs had knowledge.

Plaintiff brought suit on the note dated July 26, 1890, offered to surrender up the note of January 26, 1891, and sought to hold defendant as a member of the partnership of J. I. Button & Co., because of the execution of the note dated July 26, 1890. In his answer defendant denied the execution of the note under oath, resting his defense on the ground that the debt was that of the old firm of Sandusky & Button (with which he had no connection), and that he never authorized Button to make the note of July 26, 1890, nor indeed had he any knowledge that Button had so used the name of the new firm. At the close of the plaintiff's evidence, showing substantially all the facts above related, the court gave an instruction to the jury that the plaintiffs could not recover, and thereupon plaintiff took a nonsuit with leave, and brought the case here by appeal.

Admitting now the main feature of the plaintiff's contention, to-wit, that this note of July 26, 1890, was executed by one member of a *trading* copartnership, and that the signing of the firm-name thereto by one member thereof made a *prima facie* case of liability against all the members of such trading partnership, and yet it is clear, all the evidence considered, that plaintiff cannot recover against this defendant.

The law is well settled that "a person becoming a member of an existing firm, or forming a partnership with another in the latter's existing business, does not thereby become liable for the debts already incurred,

nor does the new firm become liable for them. An agreement, expressed or implied, is necessary to create such liability, not only between the creditors and the new firm, but also as between the partners, that is to say, the presumption is against the assumption of such liability, and the burden to prove it is upon the one who asserts it." 1 Bates on Partnership, secs. 507–509, *et seq.;* Story on Partnership, sec. 152; 17 American & English Encyclopedia of Law, 1116, 1117; *Fagan v. Long,* 30 Mo. 222.

The most that can be said in plaintiff's favor is that J. I. Button & Co., being a trading partnership, a note executed by one member of the firm and in the firm's name will be presumed to have been given for and on account of the firm's business. But when it is shown (as was the case here) that the note was given in the settlement of a liability of another and different partnership, and with which defendant had no connection, then before plaintiff could enforce payment against the defendant, it must prove that the defendant in entering the copartnership had agreed to stand good for the debts of the former concern. "An incoming partner," says Judge Scott, "is not liable for debts contracted before he enters the partnership. For such debts no member of the firm can, by using the partnership style, bind the incoming partner. But the incoming partner may, by his agreement, become liable for such debts; and with the understanding and consent of all parties a note may be given in the partnership name for such debt. The new firm, with the consent of the creditor, may novate the debt." *Fagan v. Long, supra.*

The judgment below was clearly for the right party, and will be affirmed. All concur.