Lamwersick v. Boehmer.

SOPHIA LAMWERSICK, Executrix of FRED LAMWERSICK, Deceased, Repondent, v. GUSTAVE BOEHMER, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Promissory Note :** PARTNERSHIP: SIGNATURE OF FIRM NAME BY ONE MEMBER OF FIRM. The signing of the firm name to a promissory note by a member of the firm makes the note *prima facie* the note of the copartnership, and binds all the members of the firm.

2. ———: ———: ———. The finding of the trial court, in the case at bar, is supported by the law and the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

O. J. and R. LEE MUDD for respondent.

The evidence abundantly suffices to make a *prima facie* case of partnership between defendants Stranghoenner & Boehmer at the time of the execution of the note sued on. Gates v. Watson, 54 Mo. 585, loc. cit. 509; Meyers v. Boyd, 44 Mo. App. 378; Kelm v. Rathbon, 36 Mo. App. 199; 1 Lindley on Partnership, p. 195 et seq., title, Usual Evidence of Partnership. The signing of the firm name of a trading copartnership to a note by a member of the firm makes it *prima facie* the note of the copartnership, and binds all the members of the firm. 1 Daniel on Neg. Ins., p. 379, sec. 369; 1 Bates on Partnership, secs. 361–362, pp. 374–375; Hickman v. Kumble, 27 Mo. 401; Deardorf v. Thatcher, 78 Mo. 128; Feurt v. Brown, 23 Mo. App. 332; Bank v. Sandusky, 51 Mo. App. 398. The record does not show error in admitting or rejecting testimony.

H. A. Loevy for appellant.

Two or more persons may do business under a firm name and yet not be a copartnership. Bank v. Osceola, 50 Mo. App. 124; Dyerle v. Hunt, 50 Mo. App. 541. "To constitute a partnership there must be an agreement between the parties, both consenting thereto, that they will, from a certain day or time, share the profits and be responsible for debts and losses and carry on the business for their mutual benefit; and there must be an entering upon or conducting or doing business under such agreement, or some business preparatory thereto to make them or either of them liable to third parties as partners." Lucas v. Cole, 57 Mo. 145. "In order to constitute a partnership, there must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business, and dispose of the whole property of the partnership for its purposes, in the same manner and with the same powers as all the partners could do acting together." Bank v. Athwaite, 50 Mo. App. 124; Deyerle v. Hunt, 50 Mo. App. 541. "A partnership is the contract relation subsisting between persons who have combined their property, labor or skill in an enterprise or business, as principals, for the purpose of joint profit." 17 Am. and Eng. Ency. Law, 828. "A mere joint ownership or community of interest in property does not constitute a partnership, even though the income from it is divided." 17 Am. and Eng. Ency. Law, 859. Respondent can not win on the evidence that appellant paid Stranghoenner half of each interest payment, because that would not prove a partnership, but at the most a joint and separate liability. Appellant at no time stated to Stranghoenner or appellee that he made such payment as a partner. Even if he had, a mere statement by one that another is his partner will

not warrant a finding that the partnership relation existed. Roth v. Kirchoff, 12 Mo. App. 599. Neither the original formation nor the continued existence of a partnership can be proved by the admissions of one of its members. Dowzelot v. Rawlings, 58 Mo. 75. And the acts and statements of one claiming to be a partner are not admissible to prove the partnership as against the other. Campbell v. Dent, 54 Mo. 325. The signing of receipts for money with the firm name is not evidence to prove that the signer was a partner. Rorer v. Schaefer, 35 Mo. App. 30. And to bind the other partners the declaration must be made during the existence of the partnership. Flowers v. Helm, 29 Mo. App. 324.

BLAND, P. J.—This suit was brought by Sophia Lamwersick as executrix of Fred Lamwersick, her deceased husband, on the following promissory note:

"3,000.        ST. LOUIS, Mo., Sept. 20th, '87.

"Twelve months after date, we promise to pay to the order of Fred Lamwersick, Three Thousand Dollars, at the rate of 6 per cent from date.

"Value received.    $2,000 face of note paid.

"BOEHMER & STRANGHOENNER.

"Indorsed. Herman H. Stranghoenner and Anna Stranghoenner.    5 Interest Credits."

In her petition plaintiff alleged that Boehmer and Herman Stranghoenner were partners in the grocery and coal business, and as such executed and delivered the note in suit to her husband for money borrowed of him and used by them in their partnership business. Boehmer alone answered. His answer, in addition to a general denial, was also a specific denial of the alleged partnership, a denial of the execution of the note by himself and Stranghoenner as partners, a denial that he ever made any payments on the note, a denial that

he owed anything on the note; he also pleaded the ten year statute of limitations against the note; this answer he verified by his affidavit. The issues were submitted to the court sitting as a jury, who, after hearing the evidence, found the issues for plaintiff, and assessed her damages at $1,059.50; from this finding defendant Boehmer duly appealed.

The appellant makes two assignments of error for a reversal of the judgment. *First.* That the court erred in refusing his demurrer to the evidence. *Second.* That the court erred in admitting incompetent evidence. The testimony on the trial was directed principally to proof of the alleged partnership at the date of the execution of the note. It was shown that about the time of the execution of the note Boehmer and Stranghoenner conducted a grocery store and coal business on Twelfth street, in the city of St. Louis, with the sign over the door "Boehmer & Stranghoenner." It was also shown that in 1887 they dealt as partners in purchasing coal of Devoy & Feuerborn, coal dealers, and in the same year, as partners, bought flour of the Sessinghous Milling Company; that previous and subsequent to the date of the note in suit, they kept a partnership bank account with the Northwestern Savings Bank. Defendant offered no evidence to rebut this testimony. In our judgment, there was ample proof of the existence of the partnership, as to third parties dealing with them, to justify the court in denying the appellant's peremptory instructions to find the issues for him.

The plaintiff was put on the stand to prove payments of interest made to her after her husband's death. She testified that all of such payments were made by Stranghoenner, the last of which was made in September, 1897. In referring to this payment, counsel for appellant asked the witness this question: "Did he (Stranghoenner) not

EVIDENCE.

tell you that he had paid all of the interest back of the time, too?" The witness answered "yes." On re-examination counsel for plaintiff asked the witness what else Stranghoenner said in the same conversation about payments of interest. Her answer was that "he said that he always went to Mr. Boehmer and Mr. Boehmer gave him half." Counsel for appellant objected and excepted to the admission of witness' answer to the latter question. It is a well settled rule of evidence, that where a party to a suit brings out a part of a conversation had with the witness, the other party is entitled to the whole of such conversation, and that the whole conversation, when thus brought out, must be considered together, to determine its probative force. Schulte, a bank clerk, was permitted to testify that Boehmer & Stranghoenner had kept a bank account at the Northwestern Savings Bank in the name of Boehmer & Stranghoenner; this testimony appellant objected to, claiming that the bank books were the proper evidence. There is nothing in this objection. The testimony was as to a fact, and like any other fact might be testified to by any witness having cognizance of it. Boehmer was offered as a witness to testify to the merits of the case; the other party to the contract being dead, it is clear he was an incompetent witness. The evidence made out a clear *prima facie* case of partnership between defendants at the date of the execution of the note. Gates v. Watson, 54 Mo. 585, loc. cit. 509; Meyers v. Boyd, 44 Mo. App. 378; Kelm v. Rathbun, 36 Mo. App. 199, and the signing of the firm name by Stranghoenner to the note makes the note *prima facie* the note of the copartnership, and binds all the members of the firm. Deardorf v. Thacher, 78 Mo. 128; Hickman v. Kimble, 27 Mo. 401; Bank v. Sandusky, 51 Mo. App. 398;

PROMISSORY note: signing of note by one member of copartnership binds all members of firm.

Feurt v. Brown, 23 Mo. App. 332. The finding of the trial court is supported by both the law and the evidence and we affirm the judgment. All concur.