ROBERTS, JOHNSON & RAND SHOE COMPANY, Appellant, v. HOMER C. SHEPHERD, Respondent.

Kansas City Court of Appeals, December 1, 1902.

1. **Justices' Courts: APPEALS.** Where a judgment is rendered in a justice's court against several defendants, any one of them may appeal therefrom.

2. **Evidence: WAIVER: ADMITTED FACT.** Where an attempt is made to prove a fact, as for instance the reputation of another witness, and thereupon the opposite party admits such facts, he thereby waives his right to object to such evidence.

3. **Sales: FRAUD: SOLVENCY: INSTRUCTION.** Where the vendor rescinds a sale and replevins the goods on the ground of fraudulent representations as to the solvency of the vendee, the question is not the vendee's ability to pay for the goods purchased, but his solvency or ability to pay all his debts when due in the usual course of business, and an instruction is condemned for failure to present the proper issue to the jury.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes*, Judge.

REVERSED AND REMANDED.

*John A. Cross & Sons* and *W. S. Herndon* for appellant.

(1) Joint trustees constitute but one person in law, and when the administration of a trust is vested in co-trustees they all form but one collective trustee, and all must join or be joined in a suit with respect to the trust property. White v. Watkins, 23 Mo. 423; Vandever's Appeal, 8 W. & S. 405; Perry on Trusts (4 Ed.), sec. 411; 22 Ency. Plead. and Prac., p. 19, and note. (2) The possession of Shepherd and Coulson, under the deed of trust, was a joint possession, and one defendant could not prosecute his appeal without joining his co-defendant. Perry v. Block, 1 Mo. 484; Fagan v. Long, 30 Mo. 222; Urton v. Sherlock, 61 Mo. 257; Gray v. Dryden, 79 Mo. 106; State ex rel. v. Talty, 139 Mo. 379. (3) When defendant Shepherd, alone appealed, the judgment of the justice against Coulson, remained in full force and effect, and was a bar to any judgment in favor of Shepherd. Urton v. Sherlock, supra; Gray v. Dryden, supra; Paving Co. v. Botsford, 50 Kan. 331; McIntyre v. Shitly, 139 Ill. 175. (4) All the parties against whom the judgment below was given must join in the appeal. Owing v. Kincannon, 7 Pet. 404; Simpson v. Greeley, 20 Wall. 152; Williams v. Bank, 11 Wheat. 414. (5) Where there is a joint judgment against several, it is irregular for one to sue out a writ of error or bring an appeal. Bockes v. Hathorn, 78 N. Y. 226; Williams v. Tel. Co., 93 N. Y. 164; Hardee v. Wilson, 146 U. S. 179; Hohorst v. H. P. Co., 148 U. S. 460; Nash v. Harshman, 149 U. S. 263; Hampton v. Rouse, 13 Wall. 187; Masterson v. Howard, 10 Wall. 416. (6) The uncontroverted evidence shows that the firm of Goff Bros. were guilty of fraud, which gave the plaintiff the right to rescind the sale, and retake their goods, which were not paid for. Mfg. Co. v. Trall, 77 Mo. App. 339; Plow Co. v. Wayland, 81 Mo. App. 306; Milling Co. v. Burns, 152 Mo. 350; Montgomery v. Machine Co., 92 U. S. 257; Donaldson v. Farwell, 93 U. S. 631. (7) The court erred in its ruling on the admission of evidence, on the character of the witness, M. A. Goff, for truth and veracity. Fulkerson v. Murdock, 53 Mo. App. 151; Alkire v. Gro-

cery Co., 78 Mo. App. 166. And the fact that said Goff was charged with fraud did not put his character in issue, or justify evidence of his reputation. Dudly v. McClure, 65 Mo. 243. (8) The court erred in giving instruction number two for the defendant.

*F. B. Ellis* for respondent.

(1) This appeal is not taken by the plaintiff but by the defendant, and a different rule applies. Gray v. Dryden, 79 Mo. 108; Urton v. Sherlock, 61 Mo. 257; Jenkins v. Bank, 97 Ill. 568; Oneal v. Dougherty, 46 Cal. 575; Gray v. Dryden, 79 Mo. 108. (2) The court could properly admit evidence of the good character of the witness Goff. Berryman v. Cox, 74 Mo. App. 446. Besides it was admitted that the character of witness Goff was excellent and if there was any error the plaintiff invited it, and he can not now complain. (3) If instruction No. 2 was error it was invited by the appellant and he can not complain of an error invited by him, besides the defendant intended to try the case on the theory adopted by the appellant in its third instruction. More Bier v. Hursdale, 77 Mo. App. 222; Porter v. Leybe, 67 Mo. App. 540.

BROADDUS, J.—On February 26, 1901, plaintiff instituted this suit before a justice of the peace for Clinton county, for the possession of two hundred and forty pairs of shoes of their own manufacture. Under the writ of replevin issued in the case, plaintiff obtained possession of the property. On the trial before the justice of the peace, the plaintiff company recovered judgment against both defendants, from which judgment the defendant Shepherd alone appealed to the circuit court of the county, where the case was again tried, the trial resulting in a verdict and judgment for the defendant Shepherd, from which the plaintiff has appealed to this court.

The plaintiff sought to recover on the ground that about the thirtieth day of October, 1900, a firm doing

business at Lathrop, Missouri, under the name of Goff Bros. bought and obtained the goods from the plaintiff by false representation as to their solvency. On the twenty-fifth day of February, 1901, said Goff Bros. conveyed their property consisting of merchandise and other property to the defendants for the benefit of their creditors. Subsequently on the second of March, 1901, they filed their petition in the United States court, and asked to be adjudged bankrupts, under the act of Congress regulating proceedings in bankruptcy. During the pendency of said proceedings, defendant Shepherd was appointed trustee of the Goff Bros. estate, and was acting as such at the time of the trial in the circuit court, but was not so acting at the time the writ of replevin was issued, and the goods taken thereunder.

At the beginning of the trial the plaintiff objected to the court proceeding with the case, upon the ground that it had acquired no jurisdiction by appeal, for the reason that the judgment of the justice was against two defendants to the suit, and one only, the defendant Shepherd, had appealed. The objection was overruled and the plaintiff excepted to the action of the court in overruling its objection. During the trial, a witness for the defendant (John Summers) was allowed, over the objection of plaintiff, to testify to the good reputation of M. A. Goff, a member of the firm of Goff Bros., who was also a witness for defendant. After the objection of plaintiff had been overruled, plaintiff's attorney said: "His [Goff's] reputation is good and we make no fight on him. Mr. Goff's reputation for truth and veracity is good."

The plaintiff relies on the following grounds for a reversal of the case: First, the error of the court in not dismissing the appeal from the justice's court, for the reason that the defendant Shepherd alone could not take and prosecute such appeal. Second, that the court committed error in allowing defendant to prove the good reputation of the witness M. A. Goff, as the same had not been assailed and put in issue by plain-

tiff. Third, error of the court in giving instruction. No. 2 for defendant.

If the plaintiff is right in the first instance, the circuit court had no jurisdiction by appeal, consequently this court has none, in which event we would not be authorized to pass upon the second and third assignment of errors. Among the earliest decisions of the State, we find a case where it was held that one of two defendants might appeal from a judgment of a justice of the peace. Perry v. Block, 1 Mo. 487. See also Fagan v. Long, 30 Mo. 222. Section 4059, Revised Statutes 1899, provides that, any person aggrieved by a judgment rendered by a justice of the peace, except a judgment by confession, may appeal. Unless an appeal could be taken by one defendant in a case where there was a judgment against several defendants, great injustice might be done. One defendant might be insolvent and unwilling to appeal, or he might be in collusion with the plaintiff in the judgment to prevent an appeal. We have no doubt about the right of one defendant in such cases to appeal from the judgment of a justice of the peace.

Without deciding that it was inadmissible for defendant to prove the good reputation of this witness Goff, we hold that if there was any error in that respect, the plaintiff waived it, by its admission in open court, that the reputation of said witness for truth was good. We do not see how plaintiff could have been injured by an attempt on the part of the defendant to prove that which was admitted by the plaintiff to be true.

Defendant's instruction No. 2 is unquestionably erroneous. It reads as follows: "The court instructs the jury that plaintiff seeks to recover in the case upon the grounds that Goff Bros. made false and fraudulent representation to them as to their financial ability to pay for the goods. If they, therefore, believe from the evidence that the firm of Goff Bros. made no statement to the defendant as to their financial ability to pay for the same, then your verdict must be for the defendant,

notwithstanding the jury may believe from the evidence that the firm of Goff Bros. were insolvent at the time of the purchase of the goods.'' There was no such issue before the jury as to the ability of Goff Bros. to pay the debt in controversy, but the issue was their solvency, their ability to pay all their debts when due in the usual course of business. They may have been able, and probably were, to pay plaintiff's debt at the time of purchase of the goods, and the alleged false representation as to their solvency, but that was not the issue on trial, and the error was emphasized in that part of the instruction where the jury are told that if they believe that said firm of Goff Bros. made no statement to plaintiff of their ability *to pay the same* (the debt), then their verdict must be for the defendant; notwithstanding the jury might believe that said firm was insolvent at the time of the purchase of the goods. The instruction was equivalent to instructing the jury to find for the defendant, for there was no such claim and no evidence that any such representations were made by Goff Bros. The instruction was directed to a false issue, and it was liable to confuse and mislead the jury. The jury were properly instructed upon the issue before them on behalf of plaintiff and also in instruction No. 1 for the defendant, but the objectionable instruction is wholly at variance with the others and is so calculated to confuse and mislead that we are not prepared to say a different result was not reached than would have been if it had not been given. For the error in giving said instruction, the cause is reversed and remanded. All concur.