W. E. REAVIS, Respondent, v. H. W. REAVIS and F. E. REAVIS, Defendants; H. W. REAVIS, Appellant.

In the Kansas City Court of Appeals, January 29, 1923.

1. **PRINCIPAL AND AGENT: Ratification: Bills and Notes: Evidence Held Sufficient to Show That Bank Was Agent of Holder of Note.** Where evidence showed that plaintiff in loaning money to his son requested a bank to make the loan to his son for him and to accept the note of the son therefor, so that the son would think he owed the money to the bank, *held* that the bank was the agent of plaintiff authorized to accept the signature of the note by one who purchased a half interest in the business of the son.

2. **BILL AND NOTES: Consideration: Signing of Note as a Part of Purchase Price of Interest in Business, Held Sufficient Consideration.** Where it was agreed by defendant purchaser of a half interest in a business, as part of purchase price, to sign a note as co-maker, which had been previously given for funds used in the business, *held* that there was a benefit to defendant in that he was thereby enabled to purchase the half interest in the business without the outlay of that much cash, which was a sufficient consideration for his signing the note and it is not essential to render him liable that the consideration or benefit flowing to him did not move from holder of note.

3. **NOVATION: Bills and Notes: Evidence Held to Show Novation Rendering New Partner Liable on Note Signed by Him as Part of Purchase Price of Interest in Partnership Business.** Where purchaser of a half interest in a business, as part of the purchase price, assumed the payment of one-half of a note, previously given for funds used in the business, and at time of purchase went with former maker to bank which was the authorized agent of holder of note and there signed it as co-maker with the bank's consent, *held* to constitute a novation.

4. **————: ————: New Partner Signing Note as Joint Maker Held Liable Thereon to Holder, Even Though There Was no Novation.** Where evidence showed purchase of half interest in a business as part of purchase price, assumed payment of one-half the amount of a note, previously given for funds used in the business, and signed the note as co-maker, he is held liable thereon to the holder thereof whose agent consented to the arrangement, although there was no novation.

5. **————: Partnership: Sale of Interest in Business to Other Partner Who Agreed to Release Seller from Obligation on Note, Not binding upon Holder Who Did Not Consent Thereto.** Where the purchaser of a partnership interest in a business signed a note as co-maker, rendering him liable thereon, his resale of his interest in the business to his partner who agreed to release him from the obligation on the note has no binding effect upon the holder thereof who did not consent thereto.

Appeal from the Circuit Court of Pettis County.—*Hon. H. B. Shain*, Judge.

AFFIRMED.

*Holmes Hall* and *W. D. O'Bannon* for respondent·

*George F. Longan* for appellant.

ARNOLD, J.—This is an action based upon a promissory note. F. E. Reavis is the son and H. W. Reavis, the nephew, of plaintiff. F. E. Reavis was engaged in produce business at the town of Lamonte in Pettis County, Mo., and needed some additional funds in his business. His father, the plaintiff herein, went to the Bank of Lamonte and told the bank that he would furnish the money desired by the son but wanted the bank to act for him in the matter and to accept the note of his son for $900 and let the son think he owed the money to the bank. This proceeding was carried out and a note signed by the son, dated November 10, 1916, was endorsed by the bank, without recourse, to plaintiff herein. In January, 1917, H. W. Reavis purchased a half interest in the produce business of his cousin, F. E. Reavis, and as part consideration for the purchase price thereof, agreed to assume the payment of one-half of said note. Accordingly, H. W. Reavis went to the bank, explained the transaction, signed said note as a co-maker and returned it to the cashier. The defendants continued in the business until some time in October, 1917, when F. E. Reavis purchased the one-half interest of the partner, the former agreeing to release the latter from his obligation on the note in question.

The testimony shows that plaintiff was not a party to this transaction. After the partnership was entered into between defendants, a payment of $400 was made to the bank and credited upon the note. In September, 1921, suit was filed upon said note and for the unpaid balance thereof against both defendants. The cause was tried to a jury and a directed verdict was returned against both defendants in the sum of $500 and interest, or a total of $764. After an unsuccessful motion for a new trial, defendant H. W. Reavis appealed.

H. W. Reavis defended the suit upon the ground that there was no consideration for his signing the note passing between him and plaintiff, and he now complains

that the court erred in giving the peremptory instruction asked by plaintiff because there was a question of fact for the consideration of the jury as to whether or not the bank was the agent of plaintiff in the transaction. Further, he insists that the giving of the peremptory instruction was error because, under the evidence, there was no consideration passing between plaintiff and this defendant, and no discharge of the original obligation of F. E. Reavis by plaintiff and no mutuality shown to exist between all three of the parties to the note, in the inception of the contract.

There is no dispute between the parties as to the fact. The record shows the pleadings were all read in evidence to the jury, and defendant's answer admits he signed the note under the circumstances detailed in the pleadings. However, defendant urges that he did not deal with the bank as the agent of plaintiff; that he had no knowledge of plaintiff's interest in said note at the time his signature was attached thereto, and that the act of the bank, as agent of plaintiff, in accepting defendant's signature on the note in question, was unauthorized.

The testimony tends to show, and does show, that on the very day defendant's signature was affixed to the note, plaintiff ratified said act, and that the act of the bank thereby became the act of plaintiff. Appellant insists that the question of whether or not the bank was the agent of respondent, with power to represent him in accepting H. W. Reavis as an additional obligor on the note, should have been submitted to the jury. There is no question but that the father authorized the bank to make the loan and hold the note as if it were the owner, so far as the boy's knowledge was concerned. This, it would seem, as a matter of law, made the bank the agent of the father to accept Reavis on the note, since the bank was agent to hold the note and do whatever the owner could do.

This brings us to the contention of defendant that there was no valid consideration flowing between him and

plaintiff for the signing of the note. Under the facts of record we cannot accept this view. There was a benefit to defendant in that he was thereby enabled to purchase, a half interest in the business without the outlay of that much cash. The general rule. is that there is sufficient consideration for a promise if there is a benefit flowing to the promisor. [13 C. J. 315.] It is not essential that the consideration shall flow direct from one party to the other, but there must be some benefit flowing to the obligor which he would not have received but for the contract. It has even been held that such a benefit flowing to a third party was a sufficient consideration for a promise. [13 C. J. 325.]

In attacking the action of the court in sustaining the peremptory instruction asked by plaintiff, appellant urges that one who signs a note after it has been delivered and after consideration has passed between the original parties incurs no liability thereon (citing McMahan v. Geiger, 73 Mo. 145); that there must exist a novation to render such party liable and that to constitute a novation by the substitution of a new debtor, there must be a mutual agreement between the three parties, i. e., the creditor, his immediate debtor and the intended new debtor, whereby the liability of the last named is accepted in place of that of the original debtor in discharge of the original debt.

There are many decisions in support of this proposition but they have no application here since, as stated above, we hold the bank was the agent of plaintiff in the matter and its action was immediately ratified by plaintiff. The rule referred to merely strengthens plaintiff's case. It is true that "an incoming partner is not liable for debts contracted before he entered the partnership; nor can his co-partner render him liable for such previously contracted debts by giving a note therefor in the partnership name. The incoming partner may, by his agreement, become liable for such debts, and the new firm may, with the consent of the creditors, novate such debts." [Fagan v. Long, 30 Mo. 222; Spaunhorst v.

Link, 46 Mo. 197; Bank v. Sandusky, 51 Mo. App. 398; Deere Plow Co. v. Plant, 42 Mo. 60.]

Plaintiff urges, and we think properly, that everything necessary to establish a novation in this case has been proved. However, under the decisions a novation is not essential, under the facts presented here, as the evidence shows that defendant bought into a going concern and there was only one creditor, this plaintiff. The purchase price paid by defendant was reduced one-half the amount of the indebtedness by his assumption of one-half of this obligation. The consent of plaintiff through his agent, the bank, was obtained and defendant's signature placed upon the note, thus making him liable thereon jointly with his co-partner. On the resale of the one-half interest by defendant back to F. E. Reavis, the agreement made between the partners to release defendant from his obligation on the note has no bearing on this case, since it is shown that this was done without the consent of plaintiff and hence could have no binding effect upon him.

Finding no reversible error of record, the judgment is affirmed. All concur.