## BUELL V. BURLINGAME.

1. A complaint alleged that plaintiff and defendant together executed a certain note; that subsequently, for a valuable consideration, defendant agreed to pay the whole of said note; that defendant failed to pay, and plaintiff was forced and compelled to pay said note. The answer denied that defendant agreed to pay said note to plaintiff; that plaintiff was forced or compelled to pay the same; or that the same was paid by plaintiff for the use and at the request of defendant. *Held*, that such answer raised no issue.

2. Where plaintiff and defendant together executed a note, and afterwards defendant, for a valuable consideration, agreed to pay the whole of it, but failed so to do, and plaintiff paid it, *held*, that the statute of limitations commenced to run against plaintiff from the time he paid the note, and not from the time the note became due and payable.

3. Defendant, when she made an assignment for the benefit of creditors, was indebted to plaintiff on three several notes, each drawing interest at one per cent. a month. She was also indebted on a note drawing two per cent. a month, executed by herself and plaintiff, the whole of which she had agreed to pay. The share due plaintiff from the assignee on his three notes was, by plaintiff's direction. applied on the note signed by himself and defendant, drawing two per cent. a month. *Held*, that this application was to defendant's advantage, and she could not object thereto.

4. Judgment by default was rendered against defendant, which afterwards, on her motion, was set aside, and she answered, and judgment was rendered against her on the trial. *Held* that, even if the proceedings which resulted in the order setting aside the default were invalid, the judgment rendered on trial would not on that account be set aside.

### *Error to District Court of Arapahoe County.*

THIS action was commenced December 17, 1879. The defendant in error was plaintiff below, and the complaint set out four causes of action, the first three being upon promissory notes made by the defendant to the plaintiff, and the fourth cause of action is stated as follows: "(1) That on or about the 15th day of December, 1875, he paid for the use of the defendant the sum of $1,963.50, the amount of principal and interest of a certain note dated 7th January, 1872, due ninety days after date, to

the order of Nathaniel Young & Co., for $1,500, with interest at the rate of two per cent. per month until paid, and which said note was signed by Buell & Burlingame, and dated at Central City, Colorado; (2) that on or about the 3d day of August, 1872, the said defendant promised and agreed with this plaintiff to pay said note and the whole thereof for valuable consideration; (3) that said defendant, Anna M. Buell, and this plaintiff were makers of said note; (4) that the said defendant, Anna M. Buell, failed to pay said note, or any part thereof, except the sum of $600, by the indorsements as agreed, and this plaintiff was, on said 15th day of December, 1875, forced and compelled to pay it to the said Nathaniel Young & Co., together with the interest thereon, amounting to the said sum of $1,963.50." Defendant, answering the complaint, admits that she made and delivered to the plaintiff the three promissory notes referred to in the first three causes of action, but denies that each, or either of them, remain wholly due or unpaid; alleges that on the 4th day of August, 1873, she made an assignment for the benefit of her creditors, of which plaintiff was one, and charges, upon information and belief, that Thomas H. Potter, her assignee under said assignment, paid to plaintiff at least thirty per cent. of the amount of said notes, early in the month of February, 1874, which amount should be credited upon said notes. For answer to the fourth cause of action the defendant alleged that the several supposed causes of action in said fourth cause mentioned did not, nor did any of them, or any part thereof, accrue to the plaintiff at any time within six years next before the commencement of this action; denied that she undertook or promised the plaintiff to pay him all or any or either of said sums of money in said cause specified, or any part thereof; denied that plaintiff, at any time, paid, for her use and at her request, the sum of $1,963.50, or any other sum, to Nathaniel Young & Co., or to their order; denied that plaintiff was forced or compelled to pay said Young

& Co., or to any one else, said sum of $1,963.50, or any
part thereof; denied that she agreed at any time to pay
plaintiff the note mentioned in said fourth cause of ac-
tion, or any part thereof.  Plaintiff, replying to defend-
ant's answer, alleged that it was not true, as alleged in
said answer, that the fourth cause of action accrued more
than six years prior to the commencement of the action.
There is no contest as to the notes mentioned in the first
three causes of action, except as to the claim of defend-
ant that the amount which the plaintiff was entitled to
receive from the proceeds of the assets assigned to Potter
by defendant, on account of her indebtedness on said
notes, should be credited thereon.  The evidence shows
that plaintiff and defendant, as partners under the firm
name of Buell & Burlingame, made their promissory note
to Nathaniel Young & Co. on the 7th day of June, 1872,
payable ninety days after date, with interest at two per
cent. per month until paid; that on or about the 3d day
of August, 1872, said partnership was dissolved by the
plaintiff selling his interest in the partnership property
to the defendant, and that defendant, in consideration of
such sale, agreed with the plaintiff to pay said note, and
a certain note to Silas B. Hahn for $1,000, made and
signed by the plaintiff and the defendant on the 14th day
of March, 1872, payable ninety days after date; and de-
fendant also agreed to pay all other indebtedness of said
firm; that on August 4, 1873, the defendant made a vol-
untary assignment of all her property to Thomas H. Pot-
ter, as trustee, in trust for the benefit of all her creditors
*pro rata;* that, at the time this assignment was made,
the note made to Young & Co. for $1,500, and the note
made to Silas B. Hahn for $1,000, had not been paid; that
said trustee realized from the assets of the said trust
estate an amount sufficient to pay thirty per cent. of the
assignor's indebtedness; that the amount of the proceeds
of said assets that plaintiff was entitled to receive upon
the three notes he held against the defendant was applied

by the assignee; under the direction of the plaintiff, upon the said notes to Young & Co. and to Hahn; that the plaintiff, about the 15th day of December, 1875, and prior thereto, paid to the holder of said note to Young & Co., and in full payment thereof, the sum of $1,963.50. The case was tried to the court, and the court rendered judgment therein on the 1st day of May, 1880, in favor of the plaintiff and against the defendant, for the sum of $5,777.75.

Mr. L. C. ROCKWELL, for plaintiff in error.

Messrs. B. M. and C. J. HUGHES, for defendant in error.

RISING, C. The first seven assignments of error relate to the sufficiency and relevancy of the evidence introduced by the plaintiff upon the question of the payment by him of the note to Young & Co., and these assignments may all be considered together, as they are based upon the rulings of the court in admitting proof of such payment, and in refusing to strike out such proof on motion. It being contended by the plaintiff in error that the testimony asked to be stricken out is immaterial, and not pertinent to the issues made, we will first ascertain what issues, relating to the fourth cause of action, are made by the pleadings. The material allegations of the complaint as to this cause of action are that on or about the 3d day of August, 1872, the defendant, for a valuable consideration, agreed with the plaintiff to pay a certain note made by the plaintiff and defendant to the order of Nathaniel Young & Co., on June 7, 1872, for $1,500, due ninety days after date, with interest at two per cent. per month until paid; that the defendant failed to pay said note, or any part thereof, except the sum of $600; that on or about the 15th day of December, 1875, he paid, for the use of the defendant, to the order of Nathaniel Young & Co., the sum of $1,963.50 on account of the principal

and interest due on said note. An examination of the answer will show that there is no issue raised upon any material fact alleged. The answer does not deny that defendant agreed to pay said note, but denies that she agreed to pay it to the plaintiff. This cannot be treated as a denial of the allegation. The answer does not deny that defendant failed to pay said note, but denies that plaintiff was forced or compelled to pay the same, as alleged in the complaint. We do not think the allegation in the complaint, that plaintiff was forced and compelled to pay said note, is a material allegation. The complaint stated a cause of action without this allegation. If, applying the law to the evidence, it appears that the plaintiff was authorized to make the payment when he did, that is all that is necessary to enable him to base his cause of action thereon. He was not required to wait until he was forced or compelled by legal proceedings to make such payment. The answer does not deny that plaintiff, on or about December 15, 1875, paid to the order of Nathaniel Young & Co. the sum of $1,963.50 for the use of defendant, but denies that such sum was so paid for the use and at the request of defendant. This amounts to an admission of the payment as alleged, but denies that such payment was made at the request of the defendant.

The question whether the fourth cause of action is barred by the statute of limitations may be treated under the eighth assignment of error. It is contended by counsel for plaintiff in error that the statute commenced to run from the time when the Young & Co. note became due and payable, and this contention is based upon the theory that, as the agreement between plaintiff and defendant as to the time when defendant was to pay the note is indefinite, it should be held that such payment was to be made upon the maturity of the note. We do not think the point made in the argument has any bearing upon the question in this case. The agreement be-

tween the plaintiff and defendant created new relations between them, and, as between them, the plaintiff became the surety of the defendant for the payment of the Young & Co. note. *Smith v. Shelden,* 35 Mich. 42–48; *Colgrove v. Tallman,* 67 N. Y. 95. A cause of action, by a surety against a principal, does not accrue until payment made by the surety. Ang. Lim. § 131, and cases cited; Brandt, Sur. § 176, and cases cited. The evidence shows that the action was not barred by the statute. It is also urged that the judgment for $5,777.75 is for too large an amount, in that there should have been credited upon the notes mentioned in the first three causes of action the sum of thirty per cent. of the amount due thereon, being the sum realized from the assets assigned to Potter by defendant. The evidence shows that the sum which defendant in error was entitled to receive from the estate assigned to Potter, by the plaintiff in error, on account of said three notes, was, under the direction of defendant in error, applied on the Hahn and Young & Co. notes, during the life of said notes, so that plaintiff in error had the full benefit of the amount so paid by her assignee; and not only so, but as to the amount of $600 paid on the Young & Co. note such payment stopped interest on that amount at two per cent. per month, when, if it had been credited on the notes held by defendant in error, it would have stopped interest at one per cent. per month. The plaintiff in error has not sustained any damage by reason of such application of the proceeds of the assigned estate. There is no merit in the point made by counsel for plaintiff in error, that two judgments were rendered in this case upon the same causes of action. The record shows but one entry relating to the default of the defendant, and that is an entry of judgment by default on the 13th day of January, 1880. On the 17th day of January, 1880, a stipulation between the parties was filed, providing that the court might set aside the default theretofore entered in

the case, and on the 19th day of January, 1880, on motion of the defendant, and in pursuance of said stipulation, it was ordered by the court "that the default heretofore entered herein against the said defendant be, and the same hereby is, vacated and set aside, and leave is granted the said defendant to answer the complaint herein forthwith." The defendant answered, and went to trial, and judgment was rendered against her upon such trial. We have no doubt but that the judgment by default was set aside by the proceedings had, but, if it were not so, we should not reverse this judgment, or interfere with it in any way, on account of such prior judgment, but leave the party to such relief as the facts would entitle her to in a direct proceeding to avoid either of said judgments. To permit the plaintiff in error to raise any question based upon the action of the court in setting aside the default entered would, under the circumstances of this case, be wholly unwarranted.

The judgment should be affirmed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is affirmed.          *Affirmed.*