A. S. RICHARDSON, ADMINISTRATOR, v. JOHN H: HARRISON ET AL.

No. 606.

1. **Limitation—Warranty.**—Sale of land encumbered by mortgage. Warranty by vendor that he would pay the mortgage. On maturity of mortgage foreclosure suit was brought and decree was rendered for foreclosure. The vendee bought the land at foreclosure sale for less than the debt, and brought suit for the money expended in taking up the judgment, etc. *Held*, that limitation did not run from the maturity of the mortgage, that the judgment of foreclosure merged the note and mortgage, and that so long as the lien was valid the obligation of the warrantor to pay remained in force.

2. **Same.**—Ordinarily, limitation begins from the time the loss occurred in a warranty against a lien. The measure of damages in this case being the amount paid to extinguish the encumbrance, this could not be known until it was discharged; liability would not arise if the lien was barred when paid.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

*E. H. Graham*, for appellant.—This suit is on the general warranty in deed from James E. Harrison to W. J. Hutchins, dated November 24, 1874, and on the special promise in the same deed to pay off an encumbrance on the land, the object of the suit being to recover what he, Hutchins, had to pay to relieve the land of the encumbrance. The note secured by the deed in trust, which constituted the encumbrance, fell due on January 1, 1875, and the special promise to pay it off contained in said deed is general, and specified no time when he, Harrison, was to pay it off or have it released. Suit was brought on the note and to foreclose the lien on January 16, 1878, less than four years after it fell due, and judgment rendered foreclosing the lien on December 20, 1878. Hutchins discharged or paid off the encumbrance on June 12, 1879. This suit was filed on July 24, 1882, less than four years after Hutchins discharged the encumbrance.

Under this state of facts, the court below held, that limitation began to run against Hutchins on January 1, 1875, when the note fell due, and that Hutchins' claim was consequently barred by the four years statute, and charged us out of court.

We contend that the statute began to run against Hutchins only when he discharged the encumbrance in June, 1879, and his claim being founded on a contract in writing, it was not barred when suit was filed in July, 1882.

We contend and respectfully submit that Hutchins had no right of action, and could not sue until he had been evicted or had discharged the encumbrance, and hence that the statute did not commence to run until he had discharged the encumbrance. This we submit is correct on principle, and it is so expressly decided in the case of Taylor v. Priest, 21 Mo. App., 685, and we think in Walker v. Deaver, 79 Missouri, 664. The case of Buel v. Burlingame, 11 Colorado, 164, is also very much in point. In that case Buel and Burlingame made a note to Young & Co., due September 7, 1872. In August, 1872, Buel and Burlingame dissolved, and in the settlement Buel agreed to pay this note. Buel failed to pay it, and Burlingame paid it on December 15, 1875. Burlingame sued Buel for the amount he thus paid. It was contended, that as Buel's agreement was to pay it at no particular time (that being indefinite, as in the case at bar), the statute began to run at the date that the note fell due. But the court held that it only began when Burlingame paid it.

The principle here involved is very similar to that which obtains between cosureties, where the statute begins to run when the note is paid, and not when it is due. Beck v. Tarrant, 61 Texas, 405; Ang. on Lim., 131.

*Richard H. Harrison, Clark, Dyer & Bolinger*, and *John T. Flint*, for appellees.—1. In a suit upon a general warranty of seizin and for quiet possession, no action will lie where there has been no eviction or ouster of vendee, and where latter fails to take possession limitation will run from the date of the deed, and action will be barred in four years. Rev. Stats., arts. 3205, 3207; Sherwood v. Landon, 57 Mich., 219; Waldron v. McCarty, 3 Johns., 471; Kartz v. Carpenter, 5 Johns., 120; Masterson v. Vaughn, 38 Mich., 373; Whitbeck v. Cook, 15 Johns., 490; Webb v. Alexander, 7 Wend., 284.

2. The special covenant to release and cancel the Harris mortgage was broken, if at all, on the 1st day of January, 1875, at which time the mortgage matured; appellant's cause of action, if any, accrued and limitation began to run and the action was barred at the institution of plaintiff's suit herein. Rev. Stats., arts. 3205, 3207; Lathrop v. Atwood, 21 Conn., 123; Genning v. Norton, 35 Me., 309; Davenport v. Davenport, 52 Mich., 587; Sherwood v. Landon, 57 Mich., 219; Guerin v. Smith, 62 Mich., 369; Thomas v. Allen, 1 Hill, 146; Churchill & Hanes v. Hunt, 3 Denio, 321; Hogan v. Calvert, 21 Ala., 199; Locke v. Homer, 131 Mass., 93; Dorsey v. Dashiell, 1 Md., 204.

3. The fact that appellant was not entitled to his full measure of damage until he paid off the Harris mortgage could not affect or delay the

running of limitation. His right of action accrued and limitation commenced to run January 1, 1875, being maturity of Harris' mortgage, and his failure to pay off same could not prolong his right to sue nor stop the running of limitation. All appellees could do to give him a cause of action had been done. Davenport v. Davenport, 52 Mich., 587; Palmer v. Palmer, 36 Mich., 487; Baker v. Johnson County, 33 Iowa, 151; Hintrager v. Traut, 69 Iowa, 746.

COLLARD, ASSOCIATE JUSTICE.—1. On May 15, 1874, James E. Harrison executed a deed in trust on 800 acres of land to secure John W. Harris in the payment of a note for $2334.59, to become due January 1, 1875.

2. On December 18, 1874, said Harrison conveyed to W. J. Hutchins said tract of land by a general warranty deed. The deed also recites that said deed in trust existed, and Harrison therein binds himself expressly to release and cancel it.

3. On January 15, 1877, said Hutchins conveyed to S. K. McIlhenny said tract of land, by general warranty deed, at the same time telling him that the heirs of said Harrison would pay off the Harris deed in trust.

4. On January 16, 1878, said Harrison having died, leaving an independent will, said Harris sued his executor, John H. Harrison, on said note and to foreclose said lien, and on December 20, 1878, recovered a judgment on the same for $1643.48 and 10 per cent interest, and foreclosing said lien and ordering the land sold.

5. On January 12, 1879, said Hutchins bought this judgment, paying $1000 cash for it, and agreeing to pay besides Harris' costs and attorney fees in procuring the judgment, and took a transfer of the judgment from Harris to himself, reciting that Harris had promised said executor, when the judgment was taken, that the sale of the said land under it should satisfy the judgment and pay it off.

6. On August 5, 1879, Hutchins had the said land sold in satisfaction of the judgment, in pursuance of the promise made by Harris to said executor, and had the sheriff's deed made to his own vendee, McIlhenny, and thus made the title good.

7. Hutchins, in accordance with his said agreement with Harris, paid in all to relieve said land of said lien and judgment said $1000 cash to Harris, $150 fee to Harris' attorneys, and $52 costs of the suit, or in all $1202, which has never been refunded to him, though he has demanded it of Harrison's heirs. Hutchins thus acted in satisfying said judgment on the demand of McIlhenny's vendees that he clear up the Harris lien to perfect their title, and he did so to make his warranty to McIlhenny good.

8. On July 24, 1882, Hutchins brought this suit on said general warranty and special promise to pay off said Harris lien contained in said

deed of said James E. Harrison to him, to recover said $1202 so paid by him.

9. The defendants pleaded the statutes of limitation, besides other pleas denying and seeking to avoid their liability, not necesssary to set out here.

10. The plaintiff introduced evidence tending to show that he was entitled to a judgment against the defendants if his claim was not barred.

11. The defendants introduced evidence tending to sustain their other defenses if plaintiff's claim was not barred.

12. The court instructed the jury, that the evidence showed that the plaintiff's claim was barred by the four years statute of limitations, and directed them to find a general verdict for the defendants, and submitted to them no other issue. And verdict and judgment went accordingly.

With slight changes, the foregoing statement is taken from appellant's brief.

*Opinion.*—The only question in the case is, was plaintiff's cause of action against the heirs and legatees of James E. Harrison barred by the statute of limitations?

We think not. It seems to us that a complete answer to the question is, that the Harris debt and lien upon the land were kept alive by his judgment against the estate of Harrison. The debt and mortgage merged into the judgment, which was not barred at the institution of this suit. The judgment would have the same effect as a renewal by Harrison of the original claim, against which he and his heirs could not plead limitation. So long as that debt was kept alive as a lien upon the land, so long would the obligation of Harrison to have it cancelled continue in force. The judgment prolonged the period of limitation against Harrison as to the debt ten years after its rendition, and so continued the time in which to sue on the covenant to the same extent.

We, however, do not say that when the mortgage debt or the judgment would be barred, the suit on the covenant would be barred. The statute would, in our opinion, commence to run against an action on the covenant to release the encumbrance when the loss occurred.

The measure of damages for the breach of the covenant would ordinarily be the amount paid by the covenantee to extinguish the encumbrance. This could not be known until it was extinguished. A suit for nominal damages would lie upon maturity of the encumbrance, but not for the actual damages for loss until the loss occurred, from which time the statute would run against the covenant. The covenantee could not recover for actual loss if he extinguished the mortgage after it was barred; but in this case the judgment kept the mortgage alive, and it was subsisting by judgment at the time Hutchins bought it. Delavergne v. Norris, 7 Johns., 358; Hall v. Dean, 13 Johns., 105; Brooks v. Moody, 20 Pick., 474; Foote

v. Burnet, 10 Ohio, 330; Mayo v. Babcock, 40 Me., 142; Rawle on Cov., 288, 289, et seq.; Walker v. Deaver, 79 Mo., 664; Buel v. Burlingame, 11 Colo., 164; Sherwood v. Landon, 57 Mich., 219; Waldron v. McCarty, 3 Johns., 471.

We are forced to hold that plaintiff's cause of action was not barred by limitation, and that the court erred in the charge.

There are other issues in the case not decided in the court below, and therefore the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 28, 1894.