CUTHBERT B. ENGLE, Appellant, v. CLAYTON H. BROWN, et al., Respondent.

Kansas City Court of Appeals, November 10, 1919.

BILLS AND NOTES: Oral Agreement to Discharge. An oral agreement by the holder of a promissory note secured by a deed of trust on certain property that he will release the maker of the note and look for payment to the purchaser of the property does not discharge the maker in view of section 10092, Revised Statutes 1909, which provides that a renunciation by the holder of his rights against the maker must be in writing unless the instrument is delivered up to the person primarily liable thereon.

Appeal from Lafayette County Circuit Court.—Hon. Samuel Davis, Judge.

REVERSED AND REMANDED.

Willard P. Cave for appellant.

Lyons & Ristine and M. C. James for respondent.

BLAND, J.—This is a suit on a negotiable promissory note made, executed and delivered by defendants to plaintiff in the sum of $3750 dated, Corder, Missouri, February 27, 1917, due two years after date. The note was given as part of the purchase price of a store building in Corder, Mo., and was secured by a deed of trust given by defendants to plaintiff on said building. Before the note became due defendants sold and conveyed the store building to one William A. Lobdell, who assumed the note and mortgage as part of the purchase price of said property and agreed to pay the same. Before and after said sale plaintiff through his agent, one Arnold, orally agreed with defendants that he would release the defendants from liability on the note and would accept the purchaser of the property in their stead. One of the defenses was that there was a novation, that is, that defendants were released

from liability on the note and Lobdell was substituted for them. On behalf of plaintiff the court instructed the jury that if they found the facts as set forth above, their verdict should be for the defendants. The jury returned a verdict in favor of the defendants and plaintiff has appealed.

We think that the agreement whereby the defendants were released and Lobdell accepted in their place on the note would be sufficient to show a novation (Brown v. Kirk, 20 Mo. App. 524; Garrison v. O'Donald, 73 Mo. App. 621), if it were not for the provisions of section 10092, Revised Statutes 1909, which provides as follows:—

"The holder may expressly renounce his rights against any party to the instrument before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

It is held that the renunciation mentioned in the negotiable instrument law is equivalent to a release. [Baldwin v. Daly, 41 Wash. 416; Pitt v. Little, 58 Wash, 355, 358; Leask v. Dew, 92 N. Y. Suppl. 891.] As the statute expressly provides that before there can be any renunciation on the part of the holder of any rights against any party to the instrument, such renunciation must be in writing or the instrument delivered up to the person primarily liable thereon, and as the defendants were not released from liability in writing nor was the note delivered up to the person primarily liable thereon, there can be no defense on the ground that there was a novation or, in other words, a release · of defendants from liability on the note and a substitution of Lobdell in their place.

The judgment will be reversed and the cause remanded. All concur.