## PARTEN v. MARTIN.    (No. 2523.)

(Court of Civil Appeals of Texas. Texarkana. March 27, 1922. Rehearing Denied April 13, 1922.)

**1. Mortgages ⬦282(2)—Purchaser who assumed payment of notes as part of price became indebted to payee.**

Purchaser, who assumed the payment of principal and interest of certain mortgage notes as a part of the purchase price, thereby became indebted to the payee for the amount thereof.

**2. Mortgages ⬦283(1)—Purchaser's assumption of payment of notes as part of price did not affect status of vendor as principal obligor.**

Purchaser's assumption of payment of mortgage notes as a part of the purchase price did not release vendor from his obligation to the payee or change his attitude as principal obligor, but, as between themselves, the purchaser became the principal and the vendor his surety for the payment of the notes.

**3. Fraud ⬦33—Purchaser assuming mortgage notes bearing higher interest than represented can only recover excess paid.**

Where purchaser of land incumbered by a mortgage made by the vendor was deceived by false representations as to the rate of interest borne by notes, the payment of which he assumed as a part of the purchase price, and was thereby induced to contract to assume a debt larger than he agreed to pay, he could recover from vendor the excess interest he was required to pay the payee, but could not recover more than the amount so paid on the ground that he had become liable therefor to the payee.

On Motion for Rehearing.

**4. Torts ⬦24 — Right to recover damages accrues when injury occurs.**

The right to recover damages for tortious conduct accrues when the injury occurs.

**5. Fraud ⬦31—Remedies available to purchaser induced to assume mortgage notes stated.**

Purchaser, induced to assume payment of mortgage notes as part of the purchase price by vendor's false representations as to rate of interest, could have contract reformed so as to eliminate interest he did not intend to assume, or pay off the entire debt and sue vendor for reimbursement, or could pay the assessed interest as it accrued and sue vendor for each successive payment, but could not recover for damages done to title by reason of the incumbrance, constituting in legal effect a breach of warranty, until he had removed the incumbrance or had sustained some substantial injury in his right of possession.

Appeal from Cooke County Court; H. S. Holman, Judge.

Suit by John B. Martin against Wylie Parten. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

Culp, Culp & Culp, of Gainesville, for appellant.

Garnett & Garnett, of Gainesville, for appellee.

HODGES, J. In September, 1919, the appellant, Parten, sold 169.64 acres of land situated in Cooke county, Tex., to the appellee, Martin, for $140 per acre. The consideration was to be paid partly in cash, partly in notes and by the assumption of two notes each for $4,200, previously executed by the appellant and his wife to the Federal Mortgage Company of Dallas, Tex. Those two notes bore interest at the rate of 7½ per cent. per annum and extended over a period of ten years from 1919. This suit was instituted by the appellee against the appellant to recover the sum of $383.82 which he alleges he was fraudulently induced to assume as a part of the interest accruing upon the two notes above referred to.

The petition alleges that, at the time the appellee was negotiating for the purchase of the land, the appellant represented that the notes held by the Federal Mortgage Company bore interest at the rate of 7 per cent. per annum; that upon the faith of that statement the appellee agreed to assume the payment of those notes according to their tenor and effect; that his agreement had been accepted by the Federal Mortgage Company; that thereafter he ascertained that the notes bore interest at the rate of 7½ per cent. per annum, making an excess of $42 per annum in interest over what the appellee had agreed to pay.

According to the proof and the appellee's pleading, only a portion of this excess of interest had been paid by him at the time this suit was instituted, but he was permitted to recover the entire sum which had accrued and that which would accrue during the term of years covered by the principal contract.

The legal right of the appellee to recover the interest which he had not then paid is practically the only question involved in this appeal.

[1-3] The notes executed by the appellant and his wife were outstanding in the hands of the mortgage company. The appellee agreed with the appellant to assume the payment of those notes, principal and interest, as a part of the purchase price of the land. Appellee thereby became bound to the mortgage company for the debt. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672. But that assumption did not release the appellant from his obligation to the mortgage company, or change his attitude as the principal obligor on the notes. As between themselves, the appellee became the principal, and the appellant his surety for the payment of those notes. If the appellee was deceived by false representations as to the rate of interest borne by the notes, and

was thereby induced to contract to assume a debt larger than he had agreed with appellant to pay, he could by proof of the fraud be relieved of that excess. In a controversy between the appellant and the appellee, the former would still be primarily liable to the mortgage company for whatever that excess might be. In this case it was one-half of one per cent. of $8,400, or $42 per year, during the life of the debt. While it was decided in the case cited above that a contract by a vendee to assume an outstanding debt as a part of the purchase price of land cannot be rescinded without the consent of the holder of the assumed obligation, that rule does not apply when the vendee has been imposed upon by the fraud of the vendor. The creditor, in such a case, would have no better right than the vendor to resist a defense based upon the fraud. The rule which protects an innocent holder of a negotiable promissory note, under such conditions, would have no application. The obligation of the vendee, the victim of the fraud in this case, is evidenced only by the recitals in his deed. His contract of assumption caused no change in the position of the creditor, nor did the latter part with anything on the faith of it. Hence the appellee was not, in this instance, irrevocably bound to the mortgage company for a higher rate of interest than he actually agreed with the appellant to pay. It is true the appellee had the right to waive the fraud, stand by the letter of his contract, and pay the entire interest as it accrued. In that event he could only claim reimbursement from the appellant for what he actually pays in excess of what he had agreed to pay. It might be different if there had been a novation of the debt resulting in the release of the appellant from all liability on the notes held by the mortgage company. But the appellant, under the facts of this case, after being compelled to pay the appellee the unmatured and the unpaid interest on the notes, still remains bound for the identical sum to his creditor, the mortgage company. If the appellee should for any reason fail to meet those future interest payments as they mature, the mortgage company could enforce against the appellant his original promise evidenced by his notes; for the appellant could not be absolved from that obligation without the consent of the creditor. It would be manifestly unjust to require the appellant to pay a debt and still remain liable for it. It is no answer to say that the land upon which this interest was a lien is ample security for the protection of the appellant against any default on the part of the appellee. If the rule insisted on by counsel in defense of the judgment appealed from be correct, it would apply with equal propriety to a situation in which the mortgaged property was wholly insufficient to provide such protection. Nor can the judgment in this case be justified by the fact that the excess over the interest the appellee agreed to assume is an incumbrance on his land which the appellant is legally obligated to remove. Such an obligation can only be enforced as it matures, and the appellee can claim reimbursement only for what he is wrongfully compelled to pay in its removal. For the reasons stated, the plaintiff below was not entitled to recover in a suit of this character more than he was paid in discharging the debt evidenced by the notes assumed.

The objections urged by the appellant, and the defenses discussed, appear upon the face of the plaintiff's petition, and the exceptions should have been sustained. The evidence shows that the amount the appellee had paid at the time suit was filed, and which was the limit of what he might recover, was below the jurisdiction of the county court.

The case will be reversed and remanded, with instructions to dismiss the suit unless the petition is amended so as to state a cause of action within the jurisdiction of the trial court.

### On Motion for Rehearing.

[4, 5] The appellee insists that, since that action is founded upon a tort, the entire damages accrued at the time the tort was committed; that is, his cause of action arose when the deception was consummate in the assumption by him of the outstanding indebtedness against his land. The right to recover damages for tortious conduct accrues when the injury occurs. In this case the appellee can claim an injury in only one or the other of two respects: First, by being made liable for a debt in excess of what he agreed to pay as a part of the consideration for the land purchased; second, by having his land incumbered with a lien which he was under no just obligation to discharge. In order to establish an injury of the first kind, the appellee must show that he had paid the debt, or had become substituted for the appellant as payor in such a manner as to prevent any escape from liability. Thomas et al. v. Ellison, 102 Tex. 354, 116 S. W. 1141; Pitzer v. Decker (Tex. Civ. App.) 135 S. W. 162. If, as is alleged in this instance, the appellant through fraud induced the appellee to assume a debt larger than the latter had agreed to pay, that fact would constitute a good defense against an effort on the part of the mortgage company to compel the appellee to pay the debt. The fact that the mortgage company may hereafter transfer the notes to an innocent holder and thereby remove that defense is not available until such a contingency has happened; until then, any payment made by the appellee will be voluntary. As the situation now stands, he may follow one of two courses: He may have his contract reformed so as to eliminate the interest he did not intend to assume, or he may pay off the entire debt

and then sue the appellant for reimbursement. Still a third course is open; he may pay the excess interest as it accrues, which amounts to $42 a year, and sue the appellant for each successive payment. On the other hand, the appellee is clearly not entitled to recover for any damages done to his title by reason of the incumbrance, which amounts in legal effect to a breach of warranty, until he has removed the incumbrance or has sustained some substantial injury in his right of possession. Walker v. Lawler's Heirs, 45 Tex. 532; Richardson v. Harrison, 6 Tex. Civ. App. 661, 25 S. W. 438; McClelland v. Moore, 48 Tex. 355.

The motion for rehearing is overruled.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes