NEWTON NELSON, APPELLANT, v. CLARENCE E. HUDSON AND ELVADIA I. HUDSON, RESPONDENTS.*

St. Louis Court of Appeals. Opinion filed December 6, 1927.

212

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 616, n. 66; Mortgages, 41CJ, p. 734, n. 30; p. 735, n. 50; p. 737, n. 77; Novation, 29Cyc, p. 1136, n. 38; Renunciation, 34Cyc, p. 1336, n. 53.

*Claude R. Ball* for appellant.

*W. C. Hughes* for respondents.

SUTTON, C.—This is an action to recover the balance alleged to remain due and unpaid on a promissory note executed by defendants and made payable to plaintiff. The note is for the principal sum of $600, and bears date March 14, 1920. It was secured by a deed of trust of the same date given by defendants on a small farm in Montgomery county. The note bears endorsements showing a payment of $100 on March 14, 1920, payments of interest due on March 14, 1920, March 14, 1921, March 14, 1922, and March 14, 1923, and a payment of $333 derived from sale of farm under deed of trust.

The trial, which was had before the court without a jury, resulted in a judgment for defendants. Plaintiff appeals.

Plaintiff urges reversal of the judgment here on the ground that under the law and the undisputed facts plaintiff was entitled to recover.

The evidence shows that on January 3, 1921, after the execution of the note sued on and the deed of trust given to secure the same, the defendants sold and conveyed the farm covered by the deed of trust to Hughes Powell, who assumed the payment of the note as a part of the purchase price, with the knowledge of the plaintiff; that afterwards, on January 18, 1921, Hughes Powell sold and conveyed the farm to J. W. Jones; that Jones assumed the payment of the note

as a part of the purchase price, and that in consideration of the assumption of the note by Jones and the payment of an increased rate of interest thereon, plaintiff extended the time for payment of the note one year from said date; that on November 8, 1922, Jones sold and conveyed the farm to Henry Ingleman; that Ingleman assumed the payment of the note as a part of the purchase price, and a further extension of one year in the time for payment of the note was made by agreement between Ingleman and plaintiff; and that these extensions were made without the knowledge of defendants. It is settled law that if the owner of real estate encumbered by mortgage sells it, and his vendee as a part of the purchase price assumes the payment of the mortgage debt, the vendee becomes the principal and the original principal becomes surety, and the mortgagee after receiving notice of the grantee's assumption, is bound to recognize the conditions of suretyship and to respect the rights of the surety in all his subsequent dealings with the parties, and the doctrine concerning suretyship must control their dealings; and where the grantee is granted an extension of time for the payment of the mortgage debt without the knowledge of the makers they are released from liability thereon. [Laumeier v. Hallock, 103 Mo. App. 116, 77 S. W. 347; Regan v. Williams, 185 Mo. 620, 84 S. W. 959; Nelson v. Brown, 140 Mo. 580, 41 S. W. 960; Wonderly v. Giessler, 118 Mo. App. 708, 93 S. W. 1130; Citizens' Bank of Douglass, 178 Mo. App. 664, 161 S. W. 601; Massillion Engine & Thresher Co. v. Hayward (Mo. App.), 256 S. W. 536; People's Bank v. Smith (Mo. App.), 263 S. W. 475.]

Moreover, there was evidence that at the time Powell purchased the farm and assumed the payment of the note, plaintiff by express agreement with Powell and defendants accepted Powell and released defendants from liability thereon. Plaintiff says that because this agreement was not in writing, it was not effectual to discharge the defendants, since section 908, Revised Statutes 1919, requires that a renunciation of a negotiable instrument must be in writing, unless the instrument is delivered up to the person primarily liable thereon. We think the statute is inapplicable. The agreement was not a renunciation, but a novation. [Reavis v. Reavis, 213 Mo. App. 119, 247 S. W. 217; Emerson-Brantingham Implement Co. v. Sawyer (Mo. App.), 242 S. W. 1007; Hicksville Handle Co. v. Herb (Mo. App.), 226 S. W. 63; Brown v. Croy, 74 Mo. App. 462; Martin v. Harrington, 174 Mo. App. 707, 161 S. W. 275; Elliott v. Qualls, 149 Mo. App. 482, 130 S. W. 474; Central Missouri Trust Co. v. Taylor (Mo. App.), 289 S. W. 658; State Bank of Wellston v. Hafferkamp (Mo.), 287 S. W. 331, l. c. 335.]

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.

## ON MOTION FOR REHEARING.

SUTTON, C.—Plaintiff, on motion for rehearing, insists that our opinion in this case is in conflict with the decision of the Kansas City Court of Appeals in Engle v. Brown, 202 Mo. App. 345, 216 S. W. 541. It is true that our opinion is not in accord with the decision in that case, but it is in accord with the decision of that court in the later case of Central Missouri Trust Co. v. Taylor, 289 S. W. 658, which, we think, repudiates the ruling in the former case.

It is manifest that our statute, requiring a renunciation to be in writing, is not concerned with a release or discharge, by novation, or by any other contract or agreement founded upon a valuable consideration. Renunciation imports the gratuitous abandonment or giving up of a right. It does not import a release or discharge for a valuable consideration. [Leask v. Dew, 92 N. Y. Supp. 891; Wekett v. Raby, 2 Brown's House of Lords Rep., 386; Dimon v. Keery, 66 N. Y. Supp. 817.]

The Commissioner recommends that plaintiff's motion for rehearing be overruled.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. Plaintiff's motion for rehearing is accordingly overruled. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.