### BANKS v. CARTWRIGHT.
No. 2421.

Court of Civil Appeals of Texas. El Paso.
March 27, 1930.

Grover C. Morris and Thomas Y. Banks, both of San Antonio, for plaintiff in error.

Douglas, Carter & Black, of San Antonio, for defendant in error.

PELPHREY, C. J.

This is an appeal from a judgment of the Seventy-Third district court of Bexar county, in which the court held that both parties held liens on lot No. 312, in the town of Fredericksburg, Gillespie county, Tex., but that the lien of defendant in error was prior to the one held by plaintiff in error.

The trial court at the request of plaintiff in error filed findings of facts, which we will here quote, as we feel that such findings present the peculiar facts relative to the position occupied by the parties:

"Findings of Facts.

"1. On October 9th, 1920, Robert Penninger and wife, Louise Penninger, executed to F. M. Gloechner, Trustee, a deed of trust, recorded in Vol. H. p. 446, Deed of Trust Records of Gillespie County, Texas, covering Town Lot No. 312 in town of Fredericksburg, Gillespie County, Texas, securing the payment of a promissory note for $3600.00, dated October 9th, 1920, due five years after date, bearing interest at rate of 7% from date until maturity, and after maturity at the rate of 10%; and providing for ten per cent attorney's fees if placed in the hands of an attorney for collection after maturity; and containing accelerating maturity clause if default be made in the payment of any installment of interest on the note; and said note being payable to the order of The Grand Lodge of the Order of the Sons of Hermann, in the State of Texas.

"2. On May 30th, 1924, Robert Penninger and wife conveyed the said real estate to L. E. Cartwright, by deed duly recorded, in which deed the grantee, Cartwright, assumed and agreed to pay the said deed of trust encumbrance of $3600.00.

"3. On December 30th, 1925, the said L. E. Cartwright executed an extension agreement, duly recorded, by the terms of which the maturity of said note was extended so as to mature as follows: 5 annual installments of $300.00 each on October 1, 1926, to 1929, inclusive, and $2400.00 on Oct. 1, 1930.

"4. On December 15th, 1926, L. E. Cartwright conveyed the real estate to Felix Schneider by deed duly recorded, in which deed the grantee, Felix Schneider, assumed and agreed to pay the said deed of trust encumbrance for $3600.00, as extended.

"5. On October 30th, 1926, Felix Schneider and wife, conveyed the said real estate to Carrie Nagel by deed duly recorded, which deed recites that the grantee, Carrie Nagel, accepts same, subject to said deed of trust encumbrance of $3600.00.

"6. On November 17th, 1926, G. H. Nagel, at the request of said Carrie Nagel, and with

the understanding between him and the said Carrie Nagel that he could obtain a transfer of said deed of trust encumbrance to the extent of his payment, paid the installment of principal and interest which matured on October 1, 1926, amounting to $300.00 principal, and $255.29 interest, making a total of $555.-29; that the payment by said G. H. Nagel, and the understanding between him and the said Carrie Nagel with reference thereto, were without the knowledge or consent of L. E. Cartwright or of the Herman Sons. The said G. H. Nagel applied to the Herman Sons for a transfer of said encumbrance insofar as same was paid by him, which was refused, and no transfer was given to him.

"7. That on December 9th, 1927, there was placed on record an affidavit executed by Carrie Nagel, setting out that the said payment by G. H. Nagel of said sum of $555.29 was made at her special instance and request, and with the understanding that he was to purchase said installment of principal and interest and hold same until he was repaid.

"8. That on January 18th, 1928, the Herman Sons transferred and assigned to L. E. Cartwright, by transfer duly recorded, the said deed of trust encumbrance, reciting that there had been paid and credited thereon $300.00 principal and accrued interest to October 1st, 1926.

"9. On February 7th, 1928, G. H. Nagel transferred and assigned to Thomas Y. Banks, by transfer duly recorded, his claim by reason of the payment so made by him.

"10. At the date of entry of judgment in this cause, there was due and unpaid, and owing to L. E. Cartwright, on said deed of trust encumbrance the principal sum of $3300.00 together with $749.95 interest; that the said Cartwright, because of the default in the payment of the installment of principal and interest due on October 1st, 1927, in accordance with the provisions of the note and deed of trust, declared the whole of said note due and payable, and placed same in the hands of Messrs. Douglas, Carter & Black, attorneys at law, for collection agreeing to pay said attorneys the ten per cent attorney's fees provided for in said note, and there is further due on said note the additional sum of $404.99 attorneys' fees.

"11. That the sum of of $555.29, so paid by the said G. H. Nagel has not been repaid to him or his assignee Thomas Y. Banks."

Upon a trial before the court, judgment was rendered in favor of defendant in error that he recover the sum of $4,454.94 with interest as a charge against the property in question and as against the rights of Carrie Nagel, her husband, Martin Nagel, G. H. Nagel, and Thomas Y. Banks (without any personal liability in them), and for a foreclosure of the lien thereon; ordering the property to be sold to satisfy the aforesaid sum; and providing that in the event the property should sell for more than sufficient to satisfy the claim of defendant in error that out of the excess $555.29, with 6 per cent. interest per annum, be paid to Thomas Y. Banks, and any balance over and above said amounts to be paid to Carrie Nagel.

Appeal has been perfected to this court by writ of error from such judgment by Banks only.

### Opinion.

The trial court filed the following conclusions of law:

"1. That G. H. Nagel did not become subrogated to the rights of the original creditor, as against L. E. Cartwright, as to the part of the deed of trust encumbrance so paid by him; and that his right to reimbursement for the payment so paid by him is secondary and subordinate to the right of L. E. Cartwright for payment of the balance of such encumbrance so assigned to him.

"2. That L. E. Cartwright is entitled to judgment for the amount of his demand with interest, attorney's fees and costs, together with foreclosure of the deed of trust lien against all defendants; and order of sale be directed to issue; and that the proceeds of sale shall be first applied in satisfaction of the judgment in favor of Cartwright; and any excess thereafter be applied in satisfaction of the amount of the demand of the said Thomas Y. Banks, as assignee of G. H. Nagel; and that any surplus be paid over to the said Carrie Nagel."

Plaintiff in error in his four assignments of error contends that the court erred in concluding as a matter of law that G. H. Nagel did not become subrogated to the rights of the original creditor, as against L. E. Cartwright; that G. H. Nagel's right to reimbursement for the payment made by him was secondary and subordinate to the right of L. E. Cartwright for payment of the balance of the incumbrance assigned to him; and that the judgment rendered in accordance with such conclusions was erroneous.

His first proposition reads: "G. H. Nagel did become subrogated to the rights of the original creditor, the Herman Sons, as against defendant in error, L. E. Cartwright, for the reason that the facts found by the Court showed that L. E. Cartwright had assumed the entire mortgage debt, and had later executed a renewal of the entire mortgage debt, and the said G. H. Nagel having paid a portion of the mortgage debt, at the special instance of Carrie Nagel, who had an interest in the mortgaged premises to protect, and with the agreement that he should retain a lien, he was thereby subrogated to all the rights of the original creditor as against all persons liable for the debt, including the said

L. E. Cartwright, to the extent, and in the amount the same was paid by him."

■■ It appears to be well settled 'that a person who may be compelled to pay a debt, or the protection of whose property or interest requires that he pay it, is not a mere volunteer; neither is one who pays a debt or advances money for the purpose, at the request of the debtor. 25 R. C. L. p. 1326, and notes; Home Sav. Bank v. Bierstadt, 168 Ill. 618, 48 N. E. 161, 61 Am. St. Rep. 146; Ft. Jefferson Imp. Co. v. Dupoyster, 112 Ky. 792, 66 S. W. 1048, 2 L. R. A. (N. S.) 263; Union Mortgage, etc., Co. v. Peters, 72 Miss. 1058, 18 So. 497, 30 L. R. A. 829; Bell v. Bell, 174 Ala. 446, 56 So. 926, 37 L. R. A. (N. S.) 1204.

■■ Therefore G. H. Nagel, upon paying an installment then due under the deed of trust at the request of Carrie Nagel, the owner of the equity of redemption in the property, became the equitable assignee of the deed of trust lien in the amount so paid by him; but, under the doctrine that the debt of the creditor must be fully paid, his paying only one installment, while subrogated to the deed of trust security, his right to enforce his lien will be postponed as to the mortgage creditor until the debt is fully paid, unless the creditor has waived his right to priority. 37 Cyc. 382, and authorities cited. See note 37 L. R. A. (N. S.) 1204.

From the above it seems that if the Sons of Herman were at this time the owners of the incumbrance, there would be no question as to their priority, and if that be true, then Cartwright, their assignee, would also be entitled to his priority unless the fact that he at one time assumed the payment of the notes and entered into an extension agreement of them would preclude his claim therefor. Plaintiff in error contends that by virtue of these facts he became and is primarily liable and therefore not entitled to set up the claim that his lien is prior to that of G. H. Nagel.

■ The sale of the property by Cartwright to Schneider who assumed the payment of the notes did not relieve Cartwright from his obligation to the Sons of Herman or change his attitude as principal obligor; but as between him and Schneider, Schneider became the principal and Cartwright his surety for the payment of the notes. Parten v. Martin (Tex. Civ. App.) 240 S. W. 1037; Cassville School Dist. v. McArtor (Mo. App.) 286 S. W. 729; Nelson v. Hudson, 221 Mo. App. 211, 299 S. W. 1111.

■ Mrs. Nagel being the grantee of Schneider and accepting a deed from him subject to the incumbrance cannot now contend that Cartwright is primarily liable. No authority has been cited, and we have found none, which holds that a surety is precluded from claiming his priority against the person for whom he acts as such surety.

■ record here reveals, and the court found, that the agreement made between Carrie Nagel and G. H. Nagel was made without the knowledge or consent of either L. E. Cartwright or the Sons of Herman, and that at the time Cartwright purchased the notes from the Sons of Herman the transfer recited the payment of the $300 installment and the accrued interest.

In this state of the record we think the court properly held that the rights of plaintiff in error were secondary to those of Cartwright.

The case of Fears v. Albea, 69 Tex. 437, 6 S. W. 286, 5 Am. St. Rep. 78, cited by plaintiff in error, is not in point under the facts here. In that case a creditor with knowledge of a prior deed of trust was attempting to have her lien enforced prior to the lien of a purchaser of the property who had furnished the money with which to discharge the prior lien under an agreement that same would be transferred to her. In that case the court properly held that the purchaser by advancing the money to discharge the prior incumbrance became the equitable assignee of it, and that the holder of the second lien, not being in any worse condition than before, could not complain.

Believing that the judgment rendered was the proper one under the facts of this case, it is affirmed.